CALVIN BIGELOW

*vs.*

FRANKLIN B. GOSS.

APPEAL IN EQUITY FROM THE WINNEBAGO CIRCUIT COURT.

An agreement to submit the matters involved in a suit, works a discontinuance thereof.

Where a party had obtained judgment before a justice of the peace, from which the defendant had appealed to the Circuit Court, and during the pendency of such appeal, the parties entered into bonds of submission of the subject matter to arbitration; Held, that such submission worked a discontinuance of the suit, and such judgment before the justice should be annulled and vacated.

THE bill in this case set forth, that some time in the summer and autumn of 1850, the complainant and defendant agreed to form a partnership in the lumbering business on the bank of Wolf River in this state; that the defendant was to furnish a certain amount of supplies, and the complainant was to furnish his own labor and an ox team, and were to share gain and loss in proportion to the value of labor and supplies each put into the business; and alleges that the amount of supplies which the defendant would have been required to furnish, according to his agreement, would be $160; and further, that the amount furnished by the defendant was of the value of $20, and that he failed to furnish supplies according to his agreement, which resulted directly to the damage of the complainant, to the amount of $400.

The bill further sets forth, that the defendant obtained a judgment for the said supplies furnished by the defendant, as aforesaid, against the complainant, before a justice of the peace, from which the complainant took an appeal to the County Court; that afterwards, and while said appeal was pending, the parties entered into an agreement in the penalty of $200, by which the complainant was to discontinue his appeal, and the defendant was to submit the said suit to the opinion and decision of Joel

Waterman, whose decision was to be final, and the defendant was not to prosecute his judgment, or in any manner make use of it; that in pursuance of said agreement, the complainant discontinued his appeal; that the time limited in the bond and submission was the 10th day of July, 1852; that on the first days of June, 1852, the complainant solicited the defendant to arbitrate as agreed, and the defendant refused so to do; and on the 23d day of May, 1853, filed a transcript of said judgment in the Circuit Court, and took out execution, which he threatened to prosecute to satisfaction. The bill alleges the loss of the agreement, &c., and prays that said judgment may be canceled, and that the defendant may be decreed to pay the complainant damages for the breach of his contract, and for general relief. The answer under oath was waived.

The answer of the defendant denied any partnership, or agreement to enter into partnership, but says that he undertook to furnish supplies, but denies that he agreed to furnish supplies to the amount of $160, and denies that the complainant was damaged by reason of his failure to furnish supplies, and avers that he furnished all he agreed to.

The defendant further answering admits that he sued for said supplies and recovered a judgment for the amount thereof, as alleged in the complainant's bill; also, that he filed a transcript and took out execution as alleged. He also admits the agreement to submit to arbitration, as alleged in the bill. The defendant also denies that the complainant discontinued his appeal as he avers in his bill, and avers that the time to arbitrate was limited to the first day of June, 1852, and denies that the complainant ever solicited him to arbitrate, or that he ever refused to arbitrate or evaded the arbitration, but alleges that he urged the complainant to proceed to the arbitration repeatedly, who refused to arbitrate, pay the costs of the said suit, or in any manner abide by the agreement.

General replication and proofs.

It is not necessary or important to repeat the testimony, as the facts upon which the opinion of the court is based, are founded upon the bill and admitted in the answer.

*A. K. Brush*, for the complainant.

*James Freeman*, for the defendant.

*By the Court,* WHITON, C. J.   There can be no doubt that the agreement of the parties to subject to arbitration the matters in controversy between them, including the judgment which the defendant Goss recovered before the justice, and which had been taken to the County Court by appeal, worked a discontinuance of the suit.   *Muckey vs. Pierce,* 3 *Wis. Rep.* 307, *and the cases there cited.*

The reason is, that the parties had chosen a tribunal other than the court, in which to settle and adjust their controversies. There can be no doubt, therefore, that the act of Goss, in filing a transcript of the judgment which he had obtained in the justice's court, in the Circuit Court, and taking out execution thereon, was in fraud of his agreement to submit the matter involved in the judgment to arbitration.

The decree of the Circuit Court dismissing the bill is therefore on this account erroneous.   The judgment and execution should have been vacated by the decree of the court below, whether the existence of the partnership was established by the testimony or not.

Decree of the court below reversed, with costs and cause remanded, &c.