Thornton and another vs. The Madison Woolen Mills and another, imp.

*By the Court.*—So ordered.

---

THORNTON and another vs. THE MADISON WOOLEN MILLS and another, imp.

*Discontinuance by settlement pending appeal.*

After argument in this court of an appeal from a judgment of foreclosure and sale, the parties negotiated together concerning the subject matter of the action, and defendant paid plaintiff a portion of the redemption money of the property (which had been sold), securing the remainder thereof, and paid the costs in this court; and plaintiff, accepting such money and securities in full payment of the mortgage debt and costs, caused the certificate of sale to be canceled, and the judgment was discharged of record. *Held*, that these transactions amount to a discontinuance of the action; and the appeal must be dismissed.

APPEAL from the Circuit Court for *Dane* County.

This appeal was taken by the defendants *Jones* and the *Madison Woolen Mills* from a judgment of foreclosure and sale. The property had been sold under the judgment, and bid off by the plaintiffs. After the appeal had been argued and submitted to this court, the plaintiffs moved, upon affidavits, for its dismissal, upon the ground that the cause had been settled by the parties in interest. The defendant *Jones* resisted the motion, on affidavits, upon the ground that the alleged settlement was designed to be, and was in fact, merely a redemption of the property from the sale.

The briefs filed in the action were by *Orton, Keyes & Chynoweth* for the appellants, and by *Sloan, Stevens & Morris* for the respondents; and both the merits of the appeal and the

Thornton and another vs. The Madison Woolen Mills and another, imp.

motion to dismiss were argued orally by *H. W. Chynoweth* for the appellants, and by *B. J. Stevens* for the respondents.

Lyon, J.   After the cause was argued in this court, the plaintiffs and the defendant *Jones* negotiated together concerning the subject matter of the action, and the result of such negotiation was, that *Jones* paid the plaintiff a portion of the mortgage debt, or, what is the same thing, a portion of the redemption money called for by the certificate of sale, and the balance thereof in securities, to become due thereafter, and also paid the costs in this court.   The plaintiffs accepted such money and securities in full payment of the mortgage debt and costs, and thereupon caused the certificate of sale to be canceled.   The foreclosure judgment had before that time been formally discharged by an entry of the clerk of the circuit court to that effect in the record.   This is more than a mere redemption.

It seems to us that these transactions dispose of the whole subject of the litigation, and amount to a discontinuance of the action.   They are in the nature of an accord and satisfaction *puis darrein continuance*, and leave nothing for adjudication.   *Kercheval v. Doty*, 31 Wis., 476.

Had this whole controversy been submitted to arbitrators, and had the arbitrators awarded that the parties should do precisely what they have done, there can be no doubt that the submission and award, under several decisions of this court, would have worked a discontinuance of the action.   *Bigelow v. Goss*, 5 Wis., 421, and cases cited in note by Dixon, C. J. We perceive no difference in principle between such a case and one where, as in the present case, the parties adjust the controversy themselves.

The motion to dismiss the appeal must be granted, but without costs.

*By the Court.* — Appeal dismissed.