(80 N. W. Rep. 804.)

---

### WILLIAM H. BECKER *vs.* JOHN CAIN.

Opinion filed October 21, 1899.

**Witness—Impeachment—Trial.**

It is error to permit the cross-examination of a witness, over objection, for the purpose of impeachment, upon matters irrelevant to the issue; and the answer of a witness as to such irrelevant matters is binding upon the party eliciting it, and cannot be contradicted. To permit the introduction of evidence in contradiction, over objection, is error.

**Argument of Counsel Presumed to be Based upon the Evidence.**

It will be presumed, in the absence of a contrary showing, that statements made by an attorney in his arguments to a jury are based upon the evidence in the case, and that they are not his individual statements of facts. Accordingly, *held,* under the facts stated in the opinion, that it was error to permit plaintiff to be cross-examined for the purpose of impeachment, against objection, as to a certain statement made by him in an argument of a case wherein he was attorney.

**Contradiction of Witness upon Collateral Matters Elicited upon Cross Examination.**

Also, *held,* that it was error to admit evidence, over objection, to contradict his answer, and that such errors were prejudicial.

Appeal from District Court, Rolette County; *Morgan,* J.

Action by William H. Becker against John Cain. Judgment for defendant, and plaintiff appeals.

Reversed.

*McDermont & Mayer,* for appellant.

*John Burke,* for respondent.

YOUNG, J.   The plaintiff sues to recover the value of a quantity of wheat which he alleges was seized and converted by the defendant on November 21, 1895.   The complaint alleges that the plaintiff was the owner of and in possession of the wheat in question at the time it was taken by the defendant, and that said wheat was then in a car standing on the side track of the Great Northern Railway in Rolla, in this state, and was in amount 1,050 bushels, and of the value of $550.   The answer admits the seizure of the car of wheat, but by denials places in issue plaintiff's ownership and his possession of the same, and by way of justification for his acts defendant alleges that he took possession of said wheat as sheriff of Rolette county, and in an action in claim and delivery, in which Reandean Bros. were plaintiffs and the Alliance Mortgage & Investment Company was defendant.   It is thus apparent that defendant's answer not only challenged plaintiff's right to recover anything by denying his ownership, but that it also attempted to lay a foundation for a justification of his acts in any event, and an exemption from liability, by showing that he took the grain in the performance of his duties as sheriff, and in obedience to the commands of the papers in his hands, and from the possession of the defendant in that action.   The case was tried to a jury, and a verdict unfavorable to plaintiff was returned.   Plaintiff made a motion for a new trial, and this was overruled.   His appeal is from the order overruling this motion.

The settled statement upon which the motion for a new trial was made specifies certain particulars in which it is claimed the evidence is insufficient to justify the verdict, and also contains numerous specifications of alleged errors of law occurring at the trial; all of which are urged by counsel in his assignments of errors as grounds for a reversal of the order refusing to grant a new trial.   But, inasmuch as we have found it necessary to order a new trial because of prejudicial errors which occurred in the admission of certain evidence which we shall discuss, no other assignments will be considered, as it does not seem probable that the same questions will arise upon the new trial.   It appears that at the time when the alleged conversion occurred the plaintiff was engaged in dual occupations; one of which was the buying and shipping of grain, the other the practice of his profession as an attorney at law.   It is shown that he acted as attorney for defendant in the claim and delivery action in which the wheat in question was taken; that in behalf of the defendant in that action he served a notice requiring plaintiff's sureties upon the claim and delivery bond to justify; further, that he was present at the trial as counsel for the defendant, and argued the case to the jury.   The error which we will consider, and which renders a reversal necessary, consists in the injection into the evidence in this case, over plaintiff's objection, of a certain isolated statement of plaintiff, Becker, made in his argument to the jury in the trial of that case.   After he had testified as to his ownership of the grain, and generally in support of the allegations of his complaint, he was asked, upon cross-examination, if, in his argument

to the jury in the claim and delivery action, he had not stated to them that this wheat belonged "to the poor farmers of Rolette county." The plaintiff's objection that the question was irrelevant, and not proper cross-examination, was overruled, and the witness answered that he did not so state, but that what he said was that the wheat had not all been paid for, and that the money for the wheat belonged to the farmers. Later the defense called two witnesses for impeachment purposes, both of whom, after stating they had heard Becker's argument to the jury, were asked this question: "Did he state to the jury that the wheat taken in that case belonged to the farmers of Rolette county? Both answered "Yes." The questions were objected to as incompetent, irrelevant and immaterial, and the objections overruled. These rulings are urged as erroneous, and we think they were, and that the admission of the evidence was highly prejudicial; for it is patent, from our examination of the record, that the emphasis given to the statement as to the ownership of the grain which he made in his argument in the claim and delivery action had great, and perhaps controlling, weight in discrediting his claim of ownership here. It is evident that counsel for the defendant, in cross-examining Becker, was endeavoring to impeach his credit by proof that he made a statement elsewhere as to the ownership of the wheat in question different from that to which he had just testified; and this is not an unusual method of impeachment. But the preliminary requisite for this kind of impeachment is that the cross-examination shall be as to matters relevant to the issue; otherwise, the answer of the witness cannot be contradicted. *State* v. *Haynes,* 7 N. D. 70. See 1 Greenl. Ev. § 462. Elsewhere in the same volume, in section 449, that author states that: "It is a well-settled rule that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony. And, if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him. But it is not irrelevant to inquire of the witness whether he has not on some former occasion given a different account of the matter of fact to which he has already testified, in order to lay a foundation for impeaching his testimony by contradicting him." The foundation of the error in admitting in evidence proof of the statements made by Becker in his argument to the jury lies in the unwarranted assumption that excerpts from the language of an attorney in advocating his client's cause before a jury, and within the limits of his duties, can be used to impeach and discredit his testimony in case he should subsequently testify to facts different from those stated in his argument. The nature of the duty which an attorney owes to his client and to his cause, as well as the restriction which rests upon him to confine his discussion to the facts in evidence and the inferrences to be drawn therefrom, will not permit us to characterize his statements made

in the course of legitimate argument as his individual statement of facts deliberately made and from his own knowledge. On the contrary, they are not his individual statements of fact, and are not so made, or so understood. For the time his individual identity is lost, and he stands as the representative of his client before the jury, as his mouthpiece in presenting to them the facts which he believes the evidence of the witnesses have established. What the evidence before the jury was we are not informed. Whether it showed or tended to show that the wheat was in whole or in part, owned by the farmers, we do not know; but, in the absence of a contrary showing, we must assume that such statements as were made by Mr. Becker in his argument were within the line of his duty as an attorney, and legitimate comments upon the evidence in the case. His statement as to the ownership of the grain, made under such circumstances, whatever it may have been, was clearly irrelevant to the issue in this case, and was accordingly improper for the purpose of impeachment; and his answer as to what he did say, being upon an irrelevant matter, was not subject to contradiction. For the reasons stated, the order overruling the motion for a new trial is reversed, and a new trial is ordered. All concur.