(99 N. W. 763.)

---

SOPHIA A. SIGNOR v. G. LEE CLARK.

Opinion filed January 16, 1904.

**Appeal — Waiver of Right — Satisfaction of Judgment.**

1. Plaintiff brought an action for an accounting and for the cancellation of a deed. After a trial the deed was declared a mortgage and on August 20, 1902, was ordered foreclosed, and the land sold to satisfy what was due from plaintiff to defendant thereon. A statement of case in view of an appeal was settled on December 18, 1902. On April 8, 1903, the land covered by the mortgage was sold, and bid in by defendant for the full amount of the judgment. On June 6, 1903, defendant redeemed from a prior sale of the premises purchased by him under his foreclosure decree, by paying the full amount of such prior foreclosure. The time for a redemption under such prior sale expired on July 12, 1903. On July 11, 1903, plaintiff, through her attorney, negotiated for a loan to her of a sum sufficient to pay all of her mortgage and judgment indebtedness, on condition that all prior liens of whatever kind be released, paid or satisfied. A satis-

faction of the judgment in defendant's favor was delivered to plaintiff's attorney, and the full amount of the judgment paid to defendant's attorney, together with the full amount paid by defendant on the redemption from the prior sale. Neither the payment of the money and delivery of the satisfaction nor the redemption were made under any express understanding as to waiver or reservation of the right to appeal. *Held*, that the payment of the money and the acceptance of the satisfaction extinguished the judgment and the cause of action, and the right to appeal was waived.

**Duress.**

2. The payment of a judgment under coercion or duress imposed by execution of legal process is not a waiver of the right to appeal.

Appeal from District Court, Cass county; *Charles A. Pollock,* J.

Action by Sophia A. Signor against G. Lee Clark. Judgment for defendant, and plaintiff appeals.

Dismissed.

*William B. Douglas* and *Morrill & Engerud,* for appellant.

Payment of judgment either before or after execution, or before or after appeal, is no bar to an appeal, nor evidence of intent to abandon the appeal.

By accepting benefits under the judgment, right to appeal is waived. Tyler v. Shea, 4 N. D. 377, 61 N. W. 468; Easton v. Lockhart, 89 N. W. 75.

Where the subject matter of litigation is extinct appellant is estopped to appeal. In re Kaeppler, 7 N. D. 307, 75 N. W. 253.

Where appellant voluntarily pays judgment to end litigation there is no appeal. Rollette Co. v. Pierce Co., 8 N. D. 613, 80 N. W. 804.

The mere fact of voluntary payment of a judgment pending appeal is no waiver of right to appeal. Such a payment is not voluntary in the sense that the term is used in an action for money had and received, or similar situations. While respondent has power to enforce payment, appellant has right to pay without waiting for compulsion and such payment is involuntary. State v. Albright, 11 N. D. 22, 88 N. W. 729; Erwin v. Lowry, 7 How. 184, 12 L. Ed. 655; O'Hara v. McConnell, 93 U. S. 154, 23 L. Ed. 840; Burrows v. Mickler, 22 Fla. 574, 1 Am. St. Rep. 218; Morris v. Garland, 78 Va. 235; Clark v. Ostrander, 1 Cowen, 437, 13 Am. Dec. 546; Hayes v. Nourse, 107 N. Y. 577, 14 N. E. 508, 1 Am. St. Rep. 891; Martin v. Johnston, etc., 128 N. Y. 605, 27 N. E. 1017; Grim v. Semple, 39

Iowa 570; Richardson v. Ryan, 14 Ill. 74, 56 Am. Dec. 493; Joannin v. Ogilvie, 52 N. W. 217.

The definition of duress in Rev. Codes 3845 does not limit the right of appellant's appeal.

The coercion or duress which will render a payment involuntary must consist of some actual or threatened exercise of power possessed or believed to be possessed by the person exacting payment. Radich v. Hutchins, 95 U. S. 210, 24 L. Ed. 409; Brumagim et al. v. Tillinghast, 18 Cal. 265; Joannin v. Ogilvie, 52 N. W. 217; State v. Nelson, 42 N. W. 548; Merkle v. Board of County Commissioners of Hennepin County, 47 N. W. 165.

Actual interference with appellant's property so as to limit or cause the loss of the enjoyment of it unless the claim is paid does not bar an appeal when payment is thus enforced. Joannin v. Ogilvie, supra; Panton v. Duluth Gas & Water Co., 52 N. W. 527; State v. Nelson, 42 N. W. 548; Mearkle et al. v. Board of County Commissioners of Hennepin Co., 47 N. W. 165.

The filing of a formal written protest cannot make a voluntary payment involuntary. De la Cuesta v. Ins. Co. of N. A., 9 L. R. A. 631; Union Pac. Ry. Co. v. Board of Com. of Dodge Co., 98 U. S. 544, 25 L. Ed. 196.

*R. M. Pollock* and *Newman, Spalding & Stambaugh,* for respondent.

The rule laid down in all cases is that if the payment of a judgment is voluntary, and is of the whole judgment, the appeal will be dismissed, but if involuntary the motion will be denied. State v. Albright, 11 N. D. 22, 88 N. W. 729.

There are in this case none of the elements which is essential to render the payment involuntary. The judgment was entered August 20, 1902; notice served August 28, 1902; statement of case settled and filed December 18, 1902. The appeal was taken August 20, 1903, one year after the entry of judgment. No supersedeas bond was necessary. The appeal might have been taken by serving notice and filing a bond as early as December 19, 1902, or eight months before it was taken. The appeal could have been heard at the March, 1903, term of the Supreme Court.

In the ordinary course of events a decision would have been rendered before July 1, 1903. The execution sale took place April 8, 1903. The period of redemption would have expired in one

year from that time. On July 11, 1903, appellant paid the judgment in full and demanded a formal satisfaction, which was furnished and filed by the appellant in the clerk's office. Payment was not made after appeal was taken, but long before and when respondent had been led to believe that no appeal was to be taken, and at a time when appellant's property rights could not be affected by any action under respondent's judgment and sale for nearly nine months to come. No immediate and pressing danger to appellant's right could arise under the judgment during that time.

By prosecuting her litigation with reasonable diligence all her rights in the premises could have been protected by the means provided by law, long before that time would expire, and, in fact, before the payment was made.

If involuntary, the payment must have been made under compulsion, coercion and legal duress. Brummagim v. Tillinghast, 18 Cal. 272; Forbes v. Appleton, 5 Cush. (Mass.) 117; Wright v. Boston, 9 Cush. 241; Mayor v. Jefferson, 4 Gill. (Md.) 425; Mays v. Cincinnati, 1 Ohio Rep. 268; Union Pac. R. R. Co. v. Com'rs. of Dodge Co., 98 U. S. 541, 25 L. Ed. 197; Mannig v. Poling, 83 N. W. 896; Wessel v. Land Co., 3 N. D. 160, 54 N. W. 922.

If the appellant could have obtained relief in this action by diligent prosecution of this appeal, the payment was voluntary. De Graff v. Ramesy County, 48 N. W. 1135; Town v. Akerman, 46 Ind. 552, 15 Am. Rep. 341; Regan v. Baldwin, 126 Mass. 485, 30 Am. Rep. 689; Hoke v. Atlanta, 33 S. E. 412.

Financial circumstances or necessities are no ground for declaring the payment involuntary, or adjudging it to have been under legal duress. Hipp v. Crenshaw, 20 N. W. 492; Emery v. City of Lowell, 127 Mass. 138; Austin v. City of Viroqua, 30 N. W. 515; Conn. Mut. Ins. Co. v. Stewart, 95 Ind. 588.

MORGAN, J. The defendant moves to dismiss the appeal to this court from a decree entered in his favor in the district court. The grounds of the motion to dismiss are that the appellant voluntarily paid the judgment prior to the appeal; that the judgment was fully paid, and for her benefit, and at her request, and formally satisfied of record; and that her right to appeal was waived by such voluntary payment and satisfaction. The facts, as presented by the moving papers and counter showing, are as follows, so

far as material to the disposition of the motion: The appellant, Sophia A. Signor, was, on and prior to March 24, 1899, the owner of about 1,200 acres of land in Cass county. Her husband, George A. Signor, was then the owner of 160 acres of land in said county. In 1890 all of such land was incumbered by mortgage liens to the amount of about $20,000. Such mortgages were held by various persons and corporations, and were so given that such lands were subject to the liens of several distinct and separate mortgages. Such mortgages given in 1899 were given in payment of mortgages and liens then existing on said land. In the year 1902 several of the above mentioned mortgages were foreclosed by a sale of the lands under the mortgages. Said Signors were farmers, and managed their farming affairs themselves up to the year 1897. In and since 1896 they were unable to pay their debts from the proceeds of their farms, and were consequently unable to meet their financial obligations, except by mortgaging their real and personal property. All of their said real and personal property, except household goods, was mortgaged in 1896, and have ever since been mortgaged. In April, 1897, the defendant, G. Lee Clark, and the Signors entered into an arrangement under which said Clark agreed to manage and operate their farms for them, and assist them in paying their debts. Said Clark had been their friend and confidential adviser, and was aware of their financial condition and embarrassment. The Signors were then old and infirm, and were thereby unfitted to do the active work incumbent upon the successful management of such large farming operations. In said year said Clark persuaded the appellant's son, Elmer L. Signor, who was then the equitable owner of section 17 of the lands involved in this suit, to quitclaim said section to him under representations that he (said Clark) could thereby better procure settlements of their indebtedness with creditors. The said Clark took possession of said land and all their personal property, and farmed said lands during the years 1897 and 1898. Thereafter the Signors became dissatisfied with said Clark's management, and claimed that he refused to account to them for the profits of said farms. They thereupon brought this action for an accounting, and for a cancellation of said quitclaim deed of section 17, which had been quitclaimed by Elmer L. Signor to plaintiff. The trial of the action in the district court resulted in a judgment declaring said quitclaim deed to Clark to be a mortgage, and find-

ing that the Signors were indebted thereon to Clark in the sum of $4,578.31. A foreclosure of the mortgage was ordered, and a judgment for costs, taxed at $78.40, was entered against the Signors. Said decree was entered on August 20, 1902, and the judgment for costs was docketed on the same day for said amount. On December 18, 1902, a statement of the case was duly settled, preliminary to an intended appeal from such judgment. On March 4, 1903, Clark gave the statutory notice, by publication, of a sale of the premises under a special execution issued on the foreclosure decree, and said section 17 was purchased by him on the sale on April 8, 1903, for the amount due on said decree, to wit, $4,892.25. On July 12, 1902, a mortgage on said section 17 was foreclosed by a sale of the same, and bid in by one Jenkins for $5,951.85. On June 6, 1903, said Clark did redeem from the sale to said Jenkins, and received a certificate of redemption from the sheriff of Cass county. The time for redemption from this mortgage foreclosure on these lands made July 12, 1902, would expire on July 12, 1903. The total sum of liens, judgments and incumbrances of every kind on these lands, including that of Clark, was more than $26,000 at this date. On July 11, 1903, arrangements were made under which one Sarles agreed to furnish $15,000 upon a first mortgage on some of the lands, on condition that all existing liens, judgments, incumbrances, redemption and sale certificates were paid up and discharged; and one Rindlaub agreed to pay $9,000 and take a deed of all the Signors' lands, subject to Sarles' mortgage, and on the same conditions in regard to the discharge of existing liens as those exacted by Sarles. The conditions under which Sarles was to advance any money were as follows, as stated in the affidavit of Mr. Douglas, attorney for the appellant: "That on the 9th day of July, 1903, this deponent interested E. Y. Sarles in this matter, and the said E. Y. Sarles, on the 11th day of July, 1903, informed this deponent by telephone that, if there were no claims, cloud or incumbrances on the property, he would advance the sum of two thousand dollars on each quarter section, provided I could get some one else to take a claim junior to his, and referred this deponent to J. W. von Neida, * * * who would act for him." Mr. von Neida's affidavit says: "That he was instructed by said E. Y. Sarles not to pay any moneys until all the lands were clear on the record of all claims and demands, and this deponent so informed William B.

Douglas, the attorney for Sophia A. Signor. To that end he requested that all claims be presented, with the proper redemption certificates, releases, etc., * * * and that all such certificates of redemption, releases, etc., should at once be handed to Walter J. Lorshbaugh, of the Cass County Abstract Company, who would cause the same to be at once placed of record; and that the payments were so made, the papers exchanged and handed to Walter J. Lorshbaugh to be placed on the records." The conditions under which said Rindlaub advanced money to the Signors are stated by said Douglas as follows: "That on the 11th day of July, 1903, the said Charles A. Wheelock informed this deponent that he had consulted with J. W. von Neida, and that he could manage the matter through one John H. Rindlaub, a client of his, but that he must see that all foreclosures, mortgages, judgments or liens are redeemed, paid or satisfied, and that all such redemption certificates, discharges and satisfactions must be presented and turned over at the time the money was paid, and the securities given at the time the money was advanced." Said Wheelock testifies as follows as to the understanding: "That this deponent told William B. Douglas, the attorney for Sophia A. Signor, that all mortgage sales must be redeemed, and all mortgages not foreclosed must be redeemed, and the judgments must be so discharged that no claims or incumbrances should appear of record against the property, or words to that effect." On July 11th Elmer L. Signor requested Henry J. Hanson, deputy sheriff of Cass county, to furnish to him the amount necessary to be paid to redeem from the foreclosure sale to G. Lee Clark on April 8, 1903, and Hanson gave him the amount in the form of a memorandum, showing that it would take $5,044 to redeem from said sale. Subsequently these figures were shown to Mr. Pollock, one of Clark's attorneys, and were approved by Mr. Pollock as correct, unless payment of said judgment was to be made by the owner of section 17 (the owner being Sophia A. Signor at this time), in which case the amount would be greater than the sum given to Elmer L. Signor by Mr. Hanson. At this time Mr. Pollock handed to said Hanson the following memorandum:

"Mem. Clark vs. Signors. Amount claimed by plaintiff if payment is made by owner:

Amount of sale April 8, 1903...................... $  4,892 25
Interest at 12 per cent since sale...................      151 75
Paid by Mr. Clark to redeem..............$6,596 64
Interest since June 6, 1903, at 12 per cent..    79 26
                                      ————————   6,665 90
                                                 ——————————
                                                 $11,719 90''

After this memorandum was delivered by Mr. Pollock to the deputy sheriff in the presence of Signor, Mr. Douglas, as attorney for the appellant, had an interview with Mr. Newman, one of Clark's attorneys. What the subject between them was is subject to misunderstanding, and their memories of such conversation differ. Mr. Douglas claims that he asked for a satisfaction of the judgment for costs as docketed, for $78.40. Mr. Newman says that a satisfaction of the whole judgment was called for. Later in the same day Mr. Newman delivered to Mr. Douglas a satisfaction in full of said judgment, with the certificate of redemption issued to respondent on his redemption from said first mortgage sale, and also the certificate of sale issued on the sale to Clark under the judgment in this suit. Mr. Newman had received a check for the whole amount of Clark's judgment and the full amount paid by him in redeeming from the prior judgment, with interest, from Mr. Wheelock at the bank, before the satisfaction and certificates were turned over to him. All these papers were turned over at the bank to Mr. Lorshbaugh, to be filed and recorded, and the abstract of title completed, showing these various transactions, as well as the mortgages to Sarles and the deed to Rindlaub. Upon application of appellant the sheriff issued a certificate of redemption to Sophia A. Signor from the sale of section 17 made to Clark on April 8, 1903.

This motion is based on numerous affidavits, in which there is no great conflict. Outside of the discrepancy in the affidavits of Messrs. Newman and Douglas, it may be said that the material facts are uncontradicted. Outside of the facts stated, there are others shown, which it is claimed have an important bearing upon the issue of law involved in the motion. It is claimed by appellant that the plaintiff, Mrs. Signor, on July 11th stated that she objected to the payment of the Clark judgment, but that she was advised by her attorney that she must do so, or she would lose her land. This is claimed to have been stated to the deputy sheriff. But, admitting it to be true, it has no evidentiary strength

as a protest or reservation of the right to appeal. Upon these facts the respondent insists that the appeal should be dismissed, as the judgment was voluntarily paid, and that the requested satisfaction of the judgment ended the litigation, and completely satisfied the cause of action, and waived the right of appeal. On the appellant's part it is insisted that such payment was made under legal coercion on account of the sale under execution of the appellant's lands, and was, in consequence, involuntary, and not a waiver of her right to appeal. The fact that Sarles and Rindlaub furnished the money with which to pay the judgment in suit throws light on the transaction, and renders it different than if appellant and respondent alone had participated in the payment and satisfaction. The conditions under which Sarles and Rindlaub agreed to furnish the money were absolute that the Signors' title should be unincumbered. It was to be clear of all liens, mortgages, judgments, and of everything that could or would cloud plaintiff's title. Their demands in this regard so often appear in the record that no doubt remains that it was their intention that, before their money would be advanced, the title must be released from all liens absolutely, without a possibility of its being questioned, or future litigation growing out of it. It is not material, in considering the intent under which the payment was made, whether an appeal from this judgment could or would affect their interests in any way, or, if the judgment should be reversed, that restitution could be ordered from Clark. It is sufficient to say that they insisted upon advancing the money under conditions of their own making, and which they had the right to make. Among these conditions was the one that all judgments should be paid. In the negotiations with them or their agents not a word was ever spoken that would tend to indicate that the payment or payment by redemption and satisfaction of the judgment were made with any other intent than as unconditional. No rights were saved. The satisfaction was accepted and retained and filed without conditions, express or implied, and no suggestion made that it was a satisfaction with conditions not expressed by it, until the appeal was made several weeks thereafter. The attorney now claims that it was accepted without critical examination in the hurry of redeeming from the judgment prior to the one in suit, before the right of redemption had expired. But the satisfaction was examined by him at the time. The least examination would disclose that it was more than

a satisfaction of the costs judgment as docketed. Under the circumstances surrounding and preliminary to the delivery of the satisfaction, as they transpired between all the parties to the proceedings, it must be held that the satisfaction expressed the intentions of the parties. If it be conceded that the attorney for the appellant requested a satisfaction of the judgment so far as docketed for costs only, the conclusion would be the same. By calling for the satisfaction it is shown that the intention was that its satisfaction by the payment made by redeeming from the sale should fully clear the record of the foreclosure judgment in whatever form entered thereon. By the negotiations prior to the paying over of the money and the acceptance of the satisfaction at the bank, it clearly and distinctly appears that all existing claims of whatever nature against this land must be paid, satisfied and released, and this was well known to the attorney who transacted the business for the appellant. Having complied with the conditions imposed before the money was turned over, the conclusion is irresistible, from reading the affidavits, that the satisfaction was given and the transaction fully and finally closed in accordance with the conditions imposed. It was not, therefore, a satisfaction nor a redemption made under stress of legal duress or legal menace, but voluntary, so far as the appellant is concerned. There is no proof that the respondent interfered in any way with appellant's affairs, other than in protecting his own interests. The judgment in this suit was awarded him in an action brought by the appellant. He redeemed from a judgment prior to his own only a month before redemption by him from such judgment would be impossible. The assertion in one affidavit that he interfered with prospective purchasers or mortgagees by disparaging and discouraging statements that kept such prospective purchasers from doing so is made in such general terms as to be valueless as the basis for any such finding. He was, by redeeming from said prior sale, only protecting his own interest, based on a judgment valid until shown not to be on appeal. He did not sell under his own judgment until nearly eight months after the judgment was rendered. If the appellant was reluctant to satisfy the judgment in this suit, it was due to her financial embarrassment and inability to redeem from the prior judgment that must be redeemed, if at all, at once. She could not borrow money to redeem unless the judgment in this case was released. Her financial embarrassment arose out of the

imminent danger of the expiration of the time for redemption from the sale on the prior judgment. She was compelled to borrow money before she could make such redemption, and could not borrow the money unless the judgment in this case was satisfied. Failure to borrow money on account of a judgment is not legal duress, so far as such judgment is concerned. As said in Hipp v. Crenshaw, 64 Iowa 404, 20 N. W. 492: "Defendant has filed his affidavit in resistance of the motion in which he swears that his circumstances were such that he was compelled to procure a loan of money and that, to enable him to procure such loan, he was compelled to give a mortgage on certain real estate to secure the same, and, as the judgment was a lien on said real estate, he was compelled to remove such lien before the parties from whom he had arranged to procure the loans would consent to accept the mortgage as security therefor. * * * A payment under such circumstances is not a payment under duress. All that can be claimed is that defendant found it to his advantage to discharge the lien of the judgment, and he paid the money for that purpose, and to enable him to procure the loan."

The facts, therefore, make the case one of voluntary payment. The payment alone would not defeat the appeal, nor would a redemption from the sale. But the circumstances here show an intention to have the judgment completely extinguished and satisfied. The circumstances bring the case within the provisions of section 5739, Rev. Codes, providing that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal or until the time for appeal has passed, unless the judgment is sooner satisfied." The facts in this case go further than to make the payment compulsory, as simply a redemption, or as a payment made to save property from the effects of a levy of process. See Thornton v. Madison Woolen Mills, 41 Wis. 265. It is shown by the facts that the judgment was to be finally and unconditionally satisfied. This was a waiver of an appeal. If the appellant had rested with a redemption, a different question would be presented. In that case the authorities cited by appellant would be in point as holding the payment as a redemption not to be a voluntary payment, and no bar to an appeal. It does not change the force of the circumstances attending the acceptance of the satisfaction and the prior negotiations of appellant's attorney with Sarles and Rindlaub, or their agents, that appellant now says that there was no

waiver of the appeal and no award or settlement. The transactions are to be considered from the facts as they occurred, and they show beyond dispute that no money could have been obtained from these persons if the judgment in suit was to remain unsatisfied for any purpose. To hold it not satisfied, so as to defeat appeal, would be doing violence to any reasonable conclusion to be drawn from the undisputed facts that led up to and existed at the time the satisfaction was delivered, accepted and filed. The memorandum given by Mr. Pollock speaks of the amount as payment by the owner. The sum stated in that memorandum was paid over to the attorneys for Clark, and not to the sheriff. True, the sheriff issued a certificate of redemption, but it was unnecessary. Nor was a satisfaction of the judgment by Clark necessary. The judgment was satisfied by the sale, and a redemption by appellant would restore her to full rights, the same as though the judgment had not been rendered. Under the facts we think no conclusion can fairly be drawn except that the suit was abated and the appeal waived. In effect, it was an agreement not to appeal, though no words were used to that effect. That an appeal may be waived by acts and conduct is supported by authority. Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660; Rolette County v. Pierce County, 8 N. D. 615, 80 N. W. 804; Genet v. Davenport, 59 N. Y. 648; Monnett v. Hemphill, 110 Ind. 299, 11 N. E. 230; Thornton v. Woolen Mills, 41 Wis. 265; Easton v. Lockhart (N. D.), 89 N. W. 75. Under section 5739, supra, the cause of action was extinguished by the satisfaction of the judgment. It was satisfied pursuant to appellant's consent, if not actual request. It was therefore voluntary on her part. It ended the litigation. In re Kaepler, 7 N. D. 307, 75 N. W. 253; in re Baby, 87 Cal. 201, 25 Pac. 405, 22 Am. St. Rep. 239; Cassell v. Fagin, 11 Mo. 207, 47 Am. Dec. 151; People v. Burns, 78 Cal. 645, 21 Pac. 540; Morton v. Superior Court, 65 Cal. 496, 4 Pac. 489; Medart v. Baker's Eureka Mfg. Co., 51 Mo. App. 19; San Mateo County v. Southern Pacific Ry. Co., 6 Sup. Ct. 317, 29 L. Ed. 589. A satisfaction of a judgment not voluntarily made is not a bar to an appeal. This is true under statutes like section 5739, above cited. Kenney v. Parks, 120 Cal. 22, 52 Pac. 40; Vermont Marble Company v. Black, 123 Cal. 21, 55 Pac. 599; Cassell v. Fagin, supra.

From what has already been said, the case of State v. Albright, 11 N. D. 22, 88 N. W. 729, is clearly distinguished from the case at bar.

The motion to dismiss the appeal is granted.    All concur.