## John Schnase v. Sam Goetz.

Opinion filed March 12, 1909.

### Witnesses — Impeachment — Cross Examination as to Conviction.

1. It is competent to show on the cross-examination of a witness, for the purpose of discrediting him or lessening the weight of his testimony, that he has been arrested and convicted of a crime.

### Same — Scope as to Matters Elicited on Direct.

2. A subject entered into in direct examination may be further inquired into and exhausted on cross-examination.

### Same — Credibility — Contradiction as to Collateral Matters.

3. A party who, on cross-examination, inquires if the witness has not been engaged in an unlawful occupation, on being answered in the negative, is precluded from showing by other witnesses that the witness so testifying testified falsely, when the purpose of the questions relating to his occupation was to impeach or discredit him as a witness.

### Appeal and Error — Harmless Error — Impeachment of Witness.

4. In this case the evidence as to the nature of the assault and the injuries inflicted by the appellant upon the respondent was conflicting. Impeaching testimony tending to show that one of appellant's witnesses testified falsely as to his having been engaged in an unlawful occupation was admitted over objection. *Held,* that under the circumstances this court cannot assume that the admission of such impeaching testimony was without prejudice to appellant, as the effect thereof may have been a controlling influence with the jury in determining the extent of the injury or the damages inflicted.

Action by John Schnase against Sam Goetz.

Verdict for plaintiff, and, from an order denying a new trial, defendant appeals.

Reversed, and a new trial granted.

*Christianson & Weber, Engerud, Holt & Frame,* of counsel, for appellant.

It is error to draw out irrelevant statements on cross-examination and then contradict them by other witnesses. People v. Hillhouse, 45 N. W. 484; George v. State, 20 N. W. 311; Morris v. Atlantic Railway Co., 116 N. Y. 552, 22 N. E. 1097; Madden v. Koester, 3 N. W. 790; Curran v. Percival, 32 N. W. 213; McDonald v. McDonald, 34 N. W. 276; McDuffee v. Bently, 43 N.

W. 123; Atchison, T. & S. F. Ry. Co. v. Townsend, 17 Pac. 804; Denver Tramway Co. v. Owens, 36 Pac. 848; Swanson v. French, 61 N. W. 407; Mullen v. McKim, 45 Pac. 416; Kennett v. Engle, 63 N. W. 1009; Evans v. De Lay, 22 Pac. 408; Pullen v. Pullen, 43 N. J. Eq. 136.

To permit impeachment on collateral matter is error. Becker v. Cain, 8 N. D. 615, 80 N. W. 805; State v. Haynes, 7 N. D. 70, 72 N. W. 923; State v. McGahey, 3 N. D. 293, 55 N. W. 753; McMillan v. Aitchison, 3 N. D. 183, 54 N. W. 1030.

*John O. Hanchett,* for respondent.

Witness can be impeached on cross-examination by showing his arrest for and conviction of a crime. State v. Adamson, 45 N. W. 152; State v. Taylor, 22 S. W. 806; State v. Miller, 13 S. W. 832; State v. Pratt, 26 S. W. 566; Childs v. State, 58 Ala. 349; McLaughlin v. Mencke, 80 Md. 83, 30 Atl. 603.

May be questioned as to his avocation. State v. Hack, 118 Mo. 92; State v. Pugsley, 38 N. W. 498; Cicero Street Ry. Co. v. Priest, 89 Ill. App. 304.

SPALDING, J.  A verdict was rendered in respondent's favor for $320 in an action for damages resulting from an assault committed by the appellant. This appeal is from an order denying a motion for a new trial. Numerous errors are assigned, but it is not necessary to consider all of them.

1. The defendant testified on direct examination that, prior to the assault and on the same day, the plaintiff came to his blacksmith shop in Anamoose and accused him of having been one of a party who tore down and turned up his (plaintiff's) blacksmith shop in the summer of 1902. The court, over objection, permitted plaintiff's counsel to show on the cross-examination of defendant that he had been charged with being one of a party who burned down plaintiff's shop, and that he had been arrested and fined therefor. The admission of this evidence is assigned as error. It was clearly admissable under the rule that a witness may be discredited or impeached by showing on his cross-examination that he has been convicted of a crime. State v. Kent, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518. It was also proper cross-examination, in view of defendant having testified on his direct examination that plaintiff had accused him of being one of a party who burned down his shop. It is evident that he testified to this for the purpose of showing aggravation for the assault. The

subject was brought out in the direct examination, and the opposite party was entitled to exhaust the subject on cross-examination. State v. Kent, supra.

2. The defendant used one Clancey as a witness in his behalf. His testimony tended to break down the plaintiff's case, in that he denied certain material statements made by the plaintiff and some of his witnesses. He was not inquired of as to his occupation in the direct examination. On cross-examination he was asked, in substance, if during a part of the time he had resided at Anamoose he had not worked in the capacity of a bartender. To this, and other questions of the same nature, he answered "No." In rebuttal the plaintiff was permitted, over objection, to show by another witness that the witness Clancey, during the time to which reference had been made in his cross-examination, had been engaged in the selling of beer and whiskey at Anamoose. The same objection was made to evidence showing that another of defendant's witnesses, named Goodlaxen, had been engaged in selling beer and whiskey. It is clear that the purpose of this evidence was to discredit or impeach the witnesses Clancy and Goodlaxen, and its admission is assigned as error. In this the appellant is correct. When a witness is inquired of on cross-examination as to his occupation, for the purpose of showing that he has been engaged in an unlawful or degrading business, the party making inquiry does so at his peril, and cannot show by other witnesses that the answers of the witness on this collateral matter were untrue. It has been so held repeatedly by this court, and discussion of the subject is uncalled for. State v. McGahey, 3 N. D. 293, 55 N. W. 753; State v. Malmberg, 14 N. D. 523, 105 N. W. 614; State v. Haynes, 7 N. D. 70, 72 N. W. 923; Becker v. Cain, 8 N. D. 617, 80 N. W. 805. We cannot in this case presume that the admission of this impeaching testimony was without prejudice. It had no effect upon the question as to whether an assault had been committed because the defendant himself, as well as his witnesses, admitted an assault and it was conceded by counsel upon the trial of the case that a verdict must be rendered in plaintiff's favor; but the facts tending to show the extent of the assault and of the injury inflicted on plaintiff were in dispute. The defendant and his witnesses testified that he slapped the plaintiff while sitting in his buggy in the face or neck, and that he did not pull him from his buggy and beat and trample upon him after doing so. The plain-

tiff and his witnesses testified that he was sitting in his buggy with his son when he was struck in the face by defendant, seized from the rear and pulled from the buggy, and violently assaulted while on the ground. The two witnesses mentioned were among those who testified that he was not pulled from the buggy, and this court cannot say that impeaching testimony, or such testimony as tended to lessen the weight to be given the testimony of the two witnesses named, may not have had a marked influence on the jury in their efforts to weigh the conflicting evidence. The natural effect of such testimony would be to detract from the weight of the testimony given by the witnesses, and may have been a controlling influence in the minds of the jury in arriving at a determination as to the extent of the injuries.

It is urged by respondent that the circumstances surrounding the trial are such as to take this evidence from the rule laid down in State v. Malmberg, 14 N. D. 523, 105 N. W 614, in that the firm of which the state's attorney of McHenry county was a member were attorneys for the defendant on this trial, and that witnesses who had been engaged in the unlawful sale of intoxicating liquors would thereby be intimidated and prevented from freely telling the truth when questioned as to such occupation, or that they might be coerced by the state's attorney through fear of prosecution on the strength of their own admissions if the truth were told, and that therefore, on their denying having been engaged in such unlawful occupation, the rule does not apply, and that their occupation may be shown by other witnesses. While there may be some force in these suggestions, yet they appear to us to be too "far-fetched." If the rule does not apply in this case for this reason it would apply in no similar case, whether the state's attorney were engaged in the suit or not, because the witness cannot testify to these facts without the court being aware of the substance of his testimony, and it would be the duty of the court to notify the state's attorney to proceed by criminal information, and the witness would be in as great danger as though the state's attorney were actually present. We are of the opinion that the suggestion has not sufficient weight to create an exception to the rule.

Several other assignments of error are made, but as a new trial must be granted, and as these assignments relate to matters which can hardly occur in another trial it is not necessary to notice them further.

The order is reversed, and a new trial granted. All concur.