**STATE of North Dakota, Plaintiff-Appellee,**

v.

**Richard Dewey LARSON, Defendant-Appellant.**

**Cr. No. 583.**

Supreme Court of North Dakota.

May 12, 1977.

Rehearing Denied May 26, 1977.

Anderson, Tossett & Berning, Minot, for defendant-appellant; argued by Wallace D. Berning, Minot.

David L. Drey, State's Atty., Minot, for plaintiff-appellee.

PAULSON, Judge.

Richard Dewey Larson was convicted of two counts of the crime of the delivery of a

controlled substance by a jury, and he appeals.

Two issues are raised on this appeal:

1. Did the trial court err in not granting Larson's motion for a continuance; and

2. Did the trial court err in not permitting impeachment of a witness for the State on a collateral issue?

On July 12 and 13, 1976, Larson delivered methamphetamine, a controlled substance, to an undercover agent, Ricky Steven Gilland. Gilland was an agent for both Ward County and the City of Minot. Larson was arrested on July 19, 1976, at the conclusion of an extensive undercover drug enforcement operation within the Ward County area. Prior to the trial of the instant case, Larson, an American Indian, moved that his trial be scheduled to be heard at a different place on the district court trial docket so that his trial would not follow the trial of another American Indian, Phil Falcon, charged with a similar offense. Larson alleged that the successive trial of two American Indians would be prejudicial to his case. The trial court denied Larson's motion. Falcon was acquitted following a jury trial conducted October 12–14, 1976, and Larson's jury trial began on October 26, 1976.

At the trial, the State's principal witness, Undercover Agent Gilland, testified while under cross-examination that he made no personal use of marijuana. Subsequent to such testimony, the defense attempted to impeach Mr. Gilland's testimony by introducing evidence to refute Mr. Gillan's testimony as to his own personal use of marijuana. The State objected, asserting that such impeachment was being conducted on a collateral issue. The trial court sustained the State's objection.

.

## I.

## DID THE TRIAL COURT ERR IN NOT GRANTING LARSON'S MOTION FOR A CONTINUANCE?

██ It is first noted that Larson's motion for a continuance was labeled a "Motion for Change in Order of Trial". However, a review of the relief prayed for and the reasons stated therein, combined with Larson's arguments made on appeal, leaves this court with the understanding that Larson only sought a continuance of his trial to a later date during the same term of court.

Section 29–19–03, N.D.C.C., provides:

"*Court may grant continuance.*—The court, upon a showing of sufficient cause therefor by either party, may direct the trial of a cause to be postponed to another day in the same term or to the next term."

A trial court's granting or denial of a continuance of a trial is a discretionary act, resting on its determination of whether or not the movant has shown sufficient cause therefor. *State v. Berger,* 234 N.W.2d 69 (N.D.1975), and cases cited therein.

In the instant case Larson submitted no affidavits in support of the allegation contained in his motion, as provided for in § 29–19–09, N.D.C.C. Larson's motion contains only a bare allegation of prejudice, citing the fact that the first two successive defendants in drug cases being tried during such term of court were American Indians. Larson did not allege that prejudice against American Indians existed in the Ward County area or that more time would have cured such prejudice; nor did he allege that such prejudice could not be cured through voir dire examination of prospective jurors, or that he was prevented from exercising his peremptory challenges. The State resisted Larson's motion, citing the right to a speedy trial as set out in § 29–19–02, N.D.C.C.; denying any prejudice on its own part; and alleging that Larson's placement early on the trial court's calendar was the result of the seriousness of the crime charged.

We find that, in the absence of allegations and supporting affidavits setting forth actual proof of public prejudice against American Indians in the Ward County Area, Larson has failed to show sufficient cause for a continuance, and, therefore, we find that the trial court did

not abuse its discretion in the denial of Larson's motion for a continuance.

## II.

### DID THE TRIAL COURT ERR IN NOT PERMITTING IMPEACHMENT OF A WITNESS FOR THE STATE ON A COLLATERAL ISSUE?

During cross-examination, the State's undercover agent, Mr. Gilland, was asked whether he ever used marijuana. Mr. Gilland's response was that he "simulated" the smoking of marijuana so that he could infiltrate the drug culture, but that he had never actually smoked marijuana. Subsequent to such testimony, the defense attempted to introduce into evidence testimony from defense witnesses who supposedly would have testified that they had observed specific instances during which Mr. Gilland had actually smoked marijuana.

The rule in North Dakota has long been that where a witness is cross-examined on a collateral issue, the examiner is bound by the answer given on cross-examination and cannot thereafter introduce testimony of a third party for purposes of impeachment or as affecting such witness's credibility. *State v. Ave,* 74 N.D. 216, 21 N.W.2d 352 (1946); *State v. Tucker,* 58 N.D. 82, 224 N.W. 878 (1929); *Becker v. Cain,* 8 N.D. 615, 80 N.W. 805 (1899); and *State v. Haynes,* 7 N.D. 70, 72 N.W. 923 (1897). The North Dakota rule, which is almost universally accepted, is designed to limit an impeachment of a witness by independent proof of a particular act of immorality or wrongdoing, i. e., testimony by other witnesses as to particular instances of wrongdoing. Such rule is designed to prevent the jury confusion which would result from the trial of multiple collateral issues and the waste of time that such collateral inquiries would cause. Such rule also protects a witness from being confronted with unknown and unexpected charges which he could not reasonably be expected to be prepared to

defend himself against so as to expose the falsity of the charges.

Larson argues that we should adopt an exception to the above-stated rule. See 81 Am.Jur.2d Witnesses § 591, p. 600. Such exception, adopted in only one jurisdiction applies in cases where a witness makes a blanket statement concerning his conduct such as never having been charged or convicted of any offense. We reject such argument, finding the social policy supporting the majority rule to far outweigh any probative value secured by such collateral inquiries.[1]

For the reasons stated, the judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.

---

1. For the scope of permissible inquiry to impeach a witness, see Rules 607–613, N.D. R.Ev.