**H.H. BURGHART and E.L. Gosselin, Plaintiffs–Appellants,**

v.

**FRISCH'S RESTAURANTS, INC., Defendant–Appellee.**

No. 86–2045.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1989.

Robert E. Bacharach (David L. Thomas and Robert G. McCampbell, on the brief), of Crowe & Dunlevy, Oklahoma City, Okl., for plaintiffs-appellants.

Robert H. Warren of Warren, Ricks, & Associates, P.C., Oklahoma City, Okl., for defendant-appellee.

Before McKAY, BARRETT, and SEYMOUR, Circuit Judges.

PER CURIAM.

This diversity litigation arose from a complaint filed under the Oklahoma forcible entry and detainer statutes, Okla.Stat. tit. 12 §§ 1148.1–1148.16 (1981). We need not pause to recount the proceedings in the district court other than to note that the plaintiffs prevailed in a jury trial. The defendant appealed to this court and simultaneously obtained a stay of the judgment by posting a $35,000 supersedeas bond. Under the terms of the bond, the defendant was required to continue its rental payments of $900 per month while the parties awaited this court's decision. If the rent was paid, the defendant's obligations under the bond would be discharged. On December 26, 1985, we affirmed the judgment entered on the verdict. The defendant vacated the premises on April 1, 1986.

After our mandate issued, the plaintiffs filed a Motion to Vacate Stay and for Supplemental Relief in district court. In their motion the plaintiffs claimed that they were entitled to recover their losses caused by the defendant's continued presence on the property during the pendency of the appeal. They further contended that if they had been able to obtain possession of their property on August 17, 1983, the premises could have been rented to another tenant at the market rate of $4,100 per month.

The district court vacated the stay but denied the request for supplemental relief, ruling that neither the original judgment nor the order fixing the bond on appeal provided for post-judgment relief other than possession and $900 per month during the appeal. The plaintiffs appeal the district court's refusal to grant their request for a broader post-judgment award.

Proper analysis of the scope of relief available to a prevailing party must begin with a review of the judgment entered by the district court. In this case, the court entered judgment for the recovery of property based on the jury's finding that the defendant had materially breached the lease agreement between itself and the plaintiffs. The court's judgment provided for no relief in the form of interest, damages, or continuing rent. Thus, beginning at the time of judgment and continuing until the district court entered the order requiring the supersedeas bond, the plaintiffs were due nothing more than recovery of the property. Not even the defendant's filing of appeal entitled the plaintiffs to more.

■ A district court or court of appeals may order a stay of the execution of a judgment pending appeal for any reason the court considers proper. *See* Fed.R.Civ. P. 62; Fed.R.App.P. 8. When the order requires a bond pending appeal, it may not only expand the liabilities of the losing party beyond the terms of the initial judgment but also limit the liability of a surety to the bond. But if the bond is inadequate to cover the liability established by the original judgment, the judgment obligations of the losing party remain intact. In this case, there is no claim against the surety. The only claim the plaintiffs have made is that somehow they are entitled to relief broader than possession of their property and the rental payments imposed under the bond.

■ The district court's Order on the Motion to Vacate Stay and for Supplemental Relief makes clear that the court denied supplemental relief because there was no basis for recovery of anything but the property (under the original judgment) and payment of $900 per month (under the supersedeas bond). If the plaintiffs thought the terms of the bond were inadequate, they had a duty to ask the district court to condition the stay on an obligation greater than the payment of the rent called for in the lease. We wish to make clear, however, that a decision to resist an appeal in order to vindicate the district court's judgment can never be allowed to expose the prevailing party, as an unwilling participant in that process, to a reduced judgment because of uncertainty about the scope of the bond.* To suggest that the plaintiffs must either persuade the court to set a bond equivalent to their rights of recovery or forfeit a portion of their judgment at their peril would deprive the plaintiffs of their right to recover simply because no bond is available to preserve the entire judgment. Such a result would be arbitrary and irrational. Therefore, while the trial court correctly denied supplemental relief, it was authorized to do so not because the plaintiffs waived their judgmental rights by failing to object to the amount of the bond but because no judgment of the court, whether original, a condition of stay, or a condition of bond, gave rights in excess of the relief already granted in this

---

* Of course, if the prevailing party is relying exclusively on the solvency of the surety (as opposed to the solvency of the appealing losing party), it must persuade the district court or the Court of Appeals as a condition of staying the appeal to make the surety's obligation broad enough to cover the award contained in the original judgment plus such post-judgment damages as can be anticipated.

**1164**

case. Bond is a supplemental judgment granted as a nonconsensual condition of a stay of execution pending appeal. It is not a superseding judgment. It may expand the prevailing party's rights and add additional obligees, but it does not reduce the judgment obligation of the losing party below. There is no authority in the Federal Rules or elsewhere for forcing an unwilling appellee to accept less than its full judgment if and when it finally prevails on appeal (although it must bear the risk of the appellant's insolvency if it does not persuade the trial court to require adequate security in the form of a bond or otherwise).

In this case, plaintiff sought more than was contained in either the original judgment or the terms of the bond. There is no basis for such recovery in the judgment, the bond, the statutes, or otherwise. The refusal of the trial court to give additional relief is therefore AFFIRMED.