Kenneth EDLIN, Plaintiff–Appellant,

v.

M/V TRUTHSEEKER, Defendant,

and

Emil Damia; Cecilia Damia, Defendants–Appellees.

No. 93–16214.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1994.

Decided Nov. 3, 1995.

Alvin L. Anderson, San Jose, California, for plaintiff-appellant Edlin.

George W. Nowell, San Francisco, California, for defendants-appellees Emil Damia and Cecilia L. Damia.

Before: SKOPIL, NORRIS, and Cynthia Holcomb HALL, Circuit Judges.

PER CURIAM:

The question presented here is whether a party, after obtaining a favorable judgment in district court and successfully defending that judgment on appeal, may return to the district court to obtain compensation for expenses allegedly incurred during the appeal which exceeds the amount of the posted supersedeas bond. The district court concluded that it did not have jurisdiction to consider such a request, and denied relief on that ground. We conclude that even if the district court had jurisdiction, it lacked the authority to grant the requested relief. Accordingly, we affirm.

I.

On March 14, 1990, the district court granted summary judgment in favor of plaintiff Kenneth Edlin in this in rem proceeding, and ordered foreclosure of the mortgage on the vessel M/V TRUTHSEEKER to pay an outstanding promissory note payable to Edlin. Defendants Emil and Cecilia Damia appealed the district court's order and received a stay of execution by posting a $40,000 supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d). We affirmed the district court's entry of summary judgment. *Edlin v. Damia,* No. 90–15555, 1991 WL 172417 (9th Cir. Sept. 4, 1991) (unpublished). We also denied Edlin's application for "Interest, Costs of Keeping Vessel in Custody, Deterioration and Depreciation of Vessel and for Attorney Fees as Recoverable Costs on Appeal." Our mandate issued on April 6, 1992.

Nearly a year after the mandate issued, Edlin returned to the district court, seeking compensation in excess of the bond amount for expenses incurred during the appeal due to the stay order. The district court denied Edlin's request, holding that it was without jurisdiction because the mandate had issued, the stay of execution had been vacated, and the subject matter of the court's in rem jurisdiction, the vessel, had been sold.

II.

The district court may have possessed subject matter jurisdiction to consider the merits of Edlin's request. We have held that the "rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Herrington v. County of Sonoma,* 12 F.3d 901, 904–905 (9th Cir.1993); *see also Caldwell v. Puget Sound Electrical Apprenticeship and Training Trust,* 824 F.2d 765, 767 (9th Cir.1987) ("Upon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on matters left open by the mandate."). Arguably, our mandate here did not foreclose the district court's consideration of Edlin's motion.

Moreover, the fact that the stay of execution had been vacated and the vessel sold did not necessarily divest the district court of jurisdiction. *See Republic Nat'l Bank of Miami v. United States,* 506 U.S. 80, ———–———, 113 S.Ct. 554, 559–60, 121 L.Ed.2d 474 (1992). The Court in *Republic* considered whether jurisdiction is lost in an in rem forfeiture case when the government removes the forfeited money from the jurisdiction of the court. The Court rejected the argument that removal of the res always destroys jurisdiction. *Id.* at ———, 113 S.Ct. at 557. Although control of the res is required to *establish* jurisdiction, it is not required to *maintain* a court's jurisdiction. *Id.* at ———–———, 113 S.Ct. at 558–59.

## III.

■ Although there are plausible arguments in support of subject matter jurisdiction in the district court, it is not necessary for us to decide that issue or to remand to the district court. Edlin has offered no authority to support his claim that the damages he seeks are available other than through the supersedeas bond that was posted in this case. The only courts to have addressed whether such relief is available have concluded that recovery for damages incurred during the pendency of an appeal is limited to the amount of the supersedeas bond. *See Burghart v. Frisch's Restaurants, Inc.,* 865 F.2d 1162, 1163–64 (10th Cir.1989) (per curiam) (recovery for damages incurred due to a stay pending appeal is limited to the amount of the supersedeas bond); *In re Ridgemont Apartment Assoc., Ltd.,* 127 B.R. 934, 938 (Bankr.N.D.Ga.1991) (limiting recovery to amount of supersedeas bond). We agree with these courts, and conclude that they reached the correct result. Accordingly, we hold that Edlin's recovery of expenses incurred during the appeal is limited to the amount of the supersedeas bond. Our decision makes it unnecessary for us to reach the Damias' argument that law of the case also barred the district court's consideration of Edlin's motion.

**AFFIRMED.**