WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF GWYN EDWARDS, v. W. L. MILLER.

(Filed 19 May, 1926.)

**1. Judgments—Entry—Payment—Cash Deposit in Lieu of Appeal Bond—Evidence—Questions for Jury—Burden of Proof.**

Where there appears an entry on the docket of a judgment in the Superior Court of "Paid in full," upon conflicting evidence as to whether the payment was of the judgment or a cash deposit in lieu of appeal bond, the question at issue is one of fact for the jury, with the burden on defendant asserting that it was a cash deposit only.

**2. Rules of Court—Appeal and Error—In Forma Pauperis—Briefs.**

> The rule of practice in the Supreme Court requiring appellant in appeals *in forma pauperis* to file seven typewritten copies of his brief and of the transcript, in addition to the original transcript, is mandatory, and a compliance with its provisions is necessary to entitle the appellant to have his appeal decided on its merits.

CIVIL ACTION tried by *Stack, J.,* at February Term, 1925, of BUNCOMBE.

This action was begun before a justice of the peace by the plaintiff's testator, Gywn Edwards. Edwards secured a judgment on 21 June, 1920, against Miller for $85.00. Miller appealed to the Superior Court and docketed his appeal on 29 June, 1920. On 25 June, 1920, the defendant paid the judgment, and the judgment docket shows this entry: "Paid in full, this 25 June, 1920." G. Edwards, by Sale & Pennell, Attys." The defendant contends that this payment, pending his appeal, was not a voluntary payment, but was made in lieu of bond to stay execution. The facts are set out in full in the same case reported in 184 N. C., 593.

*No counsel for plaintiff.*
*F. W. Thomas for defendant.*

BROGDEN, J. The only question in the case is whether or not the payment of a judgment, pending an appeal, produces an abandonment of the appeal.

This question was under consideration in this same case reported in 184 N. C., 593.

The opinion of the Court, by *Walker, J.,* states the proposition thus: "The question raised by the defendant's answer or affidavit may be submitted to a jury, if the plaintiff takes issue with the defendant upon it, or the question thus raised may be otherwise determined by a finding of the court or a referee as the parties may agree or the court may decide. As the plaintiff alleges that the defendant had abandoned his appeal by the payment of the amount of the judgment, the burden necessarily is on him to show it. The mere payment of the money is not of itself sufficient under the facts and circumstances of this case, so far, at least, as developed, to show the abandonment."

In other words, the decision was to the effect that the intention to abandon the appeal by reason of the payment of the judgment, under the circumstances, was a question for the jury and not a question of law for the court. In the present case and in conformity with the former opinion, the trial judge submitted this issue: "Was the payment by the defendant of the judgment intended as an abandonment of his

appeal at the time of such payment?" The jury answered the issue, "Yes." The trial judge charged the jury as follows: "The court charges you that the burden of proof is upon the plaintiff to satisfy you by the greater weight of the evidence that the payment was a voluntary one, and the defendant intended to abandon his appeal." The contentions of the parties were arrayed fairly and the law correctly applied to the facts. The judgment rendered must be upheld.

Although we have examined the case and find no reversible error, yet the appeal must be dismissed. This is a pauper appeal, and Rule 22 of the Supreme Court requires the appellant to file seven typewritten copies of his brief and seven typewritten copies of the transcript in addition to the original transcript. The appellant has filed only three copies of the transcript. These rules are mandatory and must be complied with.

Appeal dismissed.