JOHN P. GRADY, Respondent, v. J. O. HANSEL. WESTERN LUMBER & GRAIN COMPANY, a Corporation, Appellants.

(223 N. W. 937.)

Opinion filed March 4, 1929.

*Jacobsen & Murray*, for appellants.

*J. W. Sturgeon*, for respondent.

NUESSLE, J. This appeal is from a judgment of the district court of Hettinger county dismissing an appeal from a justice court. The record discloses the following facts: The garnishee is engaged in the grain business. It had an elevator at Havelock. In October, 1927, plaintiff sued the defendant in justice court and garnisheed the appellant. Plaintiff took judgment against the defendant by default on October 28th. The garnishment summons was returnable on November

2nd. It was served on the appellant on October 24th. The appellant's agent at Havelock immediately after service of the summons upon him, wrote the justice issuing the same as follows:

"R. N. Blank,
"Justice of the Peace,
"New England, N. D.
"This is to certify that this Comp holds in storage 242.14 bu of nett Flax belonging to J. O. Hansel, for which our storage ticket # 2322 is issued, which will be held according to the Notice of Garnishment received, until relized from Justice Court.

> "Yours truly,
> "Peter Lux, Mgr. of
> "Western Lumber & Grain Co. Havelock, N. D."

On the return day in the garnishment matter no appearance was made by the appellant. The defendant appeared and filed an answer claiming his exemptions. In his schedule, however, he did not list any flax as held in the hands of the appellant. His claim of exemptions as made was allowed by the justice court. The justice apparently considered the letter written by Lux as an admission of liability on the part of the garnishee and entered judgment against it for the amount of the plaintiff's claim and costs. On November 18 an execution was issued against the appellant and placed in the hands of the sheriff. The sheriff thereafter made his return as follows:

"I hereby certify that by virtue of the within execution, on the 18th day of November, 1927, I have collected from the Western Lumber & Grain Co., the garnishee herein, the sum of $206.40 the amount of the within judgment and accruing costs and have turned the same over to Robt. M. Blank, Justice of the Peace."

On December 2nd, the thirtieth day after the garnishment summons was returnable, the defendant and appellant perfected an appeal to the district court. The appellant at that time filed its affidavit denying any liability except on account of a certain storage ticket representing 74 bushels of wheat issued to the order of the defendant J. O. Hansel. This affidavit was made by one Sattler as the superintendent of the appellant. When the case was called for trial in the district court the

plaintiff moved to dismiss the appeal on the ground that the same was moot for the reason that the garnishee had paid and satisfied the judgment. The motion was made upon the record as returned to the district court. The record discloses the facts as hereinbefore set out. The district court granted the motion, judgment was entered accordingly, and this appeal was then perfected.

There can be no question but that in this jurisdiction voluntary payment of a judgment by the party against whom it is entered waives the right of appeal therefrom. Signor v. Clark, 13 N. D. 35, 99 N. W. 68; Rolette County v. Pierce County, 8 N. D. 613, 80 N. W. 804. But, on the other hand, payment of a judgment under coercion or duress is not a waiver of the right to appeal. Signor v. Clark, supra. And this is the general rule. 3 C. J. 675. In this case judgment was entered against the appellant in the justice court. Thereafter an execution was issued against the appellant and put in the hands of the sheriff. The sheriff returned the execution showing collection from the appellant of the amount required to satisfy the judgment and costs. Other than this execution and the return thereon there is nothing in the record which discloses how the collection was made. The plaintiff moved to dismiss on the ground that the judgment was voluntarily paid and satisfied. The burden was on him to establish that it was voluntarily paid. Wachovia Bank & T. Co. v. Miller, 191 N. C. 787, 133 S. E. 97. Were there no showing other than that the judgment was paid we think the presumption would be that the payment was voluntary. But here it affirmatively appears that the payment was to the sheriff armed with an execution and who made return on the execution. Under these circumstances we cannot say that the payment was voluntary so as to work a waiver of the right of appeal. Signor v. Clark, supra; 3 C. J. 678. The judgment dismissing the appeal must therefore be reversed. It is so ordered.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.