**WM. O. SHIRLEY, INC., Plaintiff and Respondent,**

v.

**WAHPETON FOUNDRY CORPORATION, a North Dakota corporation, Defendant,**

**and**

**Wahpeton Industries, Inc., a foreign corporation, City of Wahpeton, a municipal corporation, Defendants and Appellants.**

**Civ. No. 8823.**

Supreme Court of North Dakota.

June 1, 1972.

Colin A. Bailey, Wahpeton, for defendants and appellants.

Zuger, Bucklin & Zuger, Bismarck, for plaintiff and respondent.

PAULSON, Judge.

Wm. O. Shirley, Inc., plaintiff and respondent in the above entitled action [hereinafter Shirley, Inc.], has moved this court for dismissal of the appeal which was taken by the City of Wahpeton, a municipal corporation, and Tec-Cast, Inc. (formerly Wahpeton Industries, Inc.), a foreign corporation, from the judgment dated December 13, 1971. Wahpeton Foundry Corporation did not appeal. Shir-ley, Inc. moves for dismissal of the appeal pursuant to Rules 7, 13, 21, 24, and 31 of the Rules of Practice in the Supreme Court of North Dakota. In addition, Shirley, Inc. moves this court to award motion costs. The record on appeal, which has been certified by the clerk of the district court of Burleigh County, includes notice of appeal, deposit in lieu of undertaking, and specifications of error by each of the appealing defendants. The motion for dismissal was heard by this court on May 2, 1972. The attorneys for Shirley, Inc. appeared in person. The appellants failed to resist the motion in writing and did not appear either in person or by counsel on the date set for the hearing on the motion.

Shirley, Inc. contends that each of the defendants, since the commencement of the action against them, has pursued and employed dilatory tactics in order to delay Shirley, Inc.'s recovery of property and money from them. A perusal of the record before us supports Shirley's position. The summons and complaint were served on the defendants on December 30, 1970. A motion and demand for change of venue and supporting affidavit, together with the answers interposed by each of the defendants, were served on Shirley, Inc. by mail on January 19, 1971. On March 25, 1971, counsel for Shirley, Inc. served interrogatories on the defendants. The defendants failed to answer the interrogatories within the time prescribed by the Rules and counsel for Shirley, Inc. moved the district court for sanctions under Rule 37(b) of the North Dakota Rules of Civil Procedure. On May 1, 1971, the defendants served by mail a return and affidavit in opposition to Shirley, Inc.'s motion. The hearing was held on May 2, 1971, and the district court executed an order dated May 4, 1971, assessing attorney fees against the defendants in the sum of $150.00 for defendants' neglect in failing to answer the interrogatories on a timely basis. Further interrogatories were served by Shirley, Inc. on the defendants on May 20, 1971. Defendants again delayed answering the in-

terrogatories and, on July 9, 1971, Shirley, Inc. again served on the defendants a motion for sanctions, pursuant to Rule 37, N.D.R.Civ.P. Answers to these interrogatories were then supplied by the defendants. Thereafter, the note of issue was served and trial was set for December 13, 1971. No one appeared for and on behalf of the defendants and a judgment was awarded to Shirley, Inc. The trial court concluded that the answers interposed by each of the defendants were not made in good faith and were untrue and, as a result thereof, Shirley, Inc. was awarded attorney fees in the sum of $350.00, which fees were also set forth in the judgment.

Notice of appeal, deposit in lieu of undertaking, and specifications of error were served by each of the appealing defendants by mail on Shirley, Inc. on March 9, 1972. Since March 9, 1972, the record does not disclose any motions by the defendants-appellants for additional time in which to secure a transcript and a settled statement of the case. The record does not reveal that the appellants have requested any additional time for the filing of briefs. The record before us was forwarded to this court by the respondent, Shirley, Inc., and does not include a transcript, a settled statement of the case, or the appellants' briefs.

While this court has been reluctant to allow motion costs, particularly in cases where counsel for the litigants requesting a dismissal of an appeal are not required to travel, this court, in reviewing the record, is cognizant of the fact that in the instant case there are special circumstances which have jeopardized Shirley, Inc.'s rights and placed an additional burden upon it, through the continuous delay strategy of the defendants-appellants. This court grants the motion for dismissal and allows the usual statutory costs on remittitur. In addition thereto, we grant motion costs in the sum of $125.00.

STRUTZ, C. J., and KNUDSON, TEIGEN and ERICKSTAD, JJ., concur.