STATE of North Dakota, ex rel. Allen I. OLSON, Attorney General, Plaintiff and Appellant,

v.

H. L. NELSON, d/b/a N.S.C. Motor Club, Defendant and Appellee.

Civ. No. 9024.

Supreme Court of North Dakota.

Oct. 10, 1974.

Robert P. Brady, Asst. Atty. Gen., Bismarck, for plaintiff and appellant.

Christensen & Baer, Bismarck, for defendant and appellee.

PAULSON, Judge.

The State of North Dakota [hereinafter the State], through its Attorney General, brought an action in the District Court of Burleigh County against H. L. Nelson [hereinafter Mr. Nelson], doing business as the N.S.C. Motor Club, pursuant to the provisions of Chapter 51–15 of the North Dakota Century Code, commonly known as the "Consumer Fraud Law".

During pretrial discovery proceedings, the appellee, Mr. Nelson, served a set of interrogatories on the appellant, the State. The State declined to answer two specific interrogatories on the basis that the answers would disclose the names of the complainants. The State alleged that a previous complainant had been harassed by Mr. Nelson and that such an incident could reoccur if the names were disclosed.

Subsequent to the State's refusal to answer the interrogatories, Mr. Nelson petitioned the district court for an order compelling answers to the interrogatories and assessing attorney's fees and costs against the State. The Honorable Benny A. Graff, District Judge, after the hearing on the motion, granted the order and also ordered that the State pay attorney's fees and costs in the sum of $100.00. Although there was no transcript of the argument in the district court, it should be noted that both parties agreed in their arguments before this court

that no evidence was presented before the trial court concerning the alleged harassment.

The State complied with that portion of the order compelling answers to the interrogatories, but appealed from the following portion of the order:

"IT IS FURTHER ORDERED that the plaintiff pay attorney's fees and costs incurred by the defendant for the necessity of bringing this motion in the sum of $100.00, the same to be due on or before April 10, 1974."

After filing its notice of appeal on April 15, 1974, and obtaining a stay order pending appeal on April 22, 1974, the State did not further pursue its appeal. On July 11, 1974, Mr. Nelson made a motion for dismissal of the appeal. After Mr. Nelson moved for dismissal, pursuant to Rule 26(b), N.D.R. App.P., the State moved this court for permission to file a brief beyond the time specified in Rule 31, N.D.R.App.P.

Therefore, in the instant case, there are two motions before this court: Mr. Nelson's motion for dismissal of the appeal, and the State's motion for permission to file a brief.

Rule 31(a), N.D.R.App.P., allows an appellant forty days after the record is filed in which to serve and file his brief. Rule 26(b), N.D.R.App.P., provides:

*Enlargement of time.* The supreme court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal."

We deny the State's motion for permission to file a brief because its supporting reasons are not persuasive. There was no legal reason propounded for not filing a brief in time, nor does there appear to be any justification for granting the motion. The delay was caused by a laxity on the part of counsel for the State.

■ This court has repeatedly apprised the Bar that failure to abide by the Rules of Procedure may result in appropriate action by the court. In this instance, the appropriate action is a denial of the State's motion. Naaden v. Hagen, 213 N.W.2d 702 (N.D. 1973). See also: Skinner v. Clausen, 219 N.W.2d 161 (N.D.1974); Johanson v. Nash Finch Company, 212 N.W.2d 372 (N.D.1973).

Mr. Nelson's motion for dismissal raises two substantial issues:

1. Is the order compelling answers to interrogatories an appealable order; and

2. Can the trial court assess attorney's fees and costs against the party failing to make discovery and necessitating the motion compelling discovery?

■ The right to appeal is purely statutory and an order is appealable only when it comes within the provisions of a specific statute. Chas. F. Ellis Agency, Inc. v. Berg, 214 N.W.2d 507 (N.D.1974). In the instant case, the order appealed from is interlocutory, and appeals from interlocutory orders will lie only where authorized by statute. Nordenstrom v. Swedberg, 123 N.W.2d 285 (N.D.1963). The State contends that although the order is partially interlocutory the assessment of attorney's fees and costs in a sum certain, to be paid by a definite date, is a final order involving a substantial legal right and, thus, is appealable under § 28–27–02(5), N.D.C.C., which provides that the following order is appealable:

"5. An order which involves the merits of an action or some part thereof;"

The State relies upon the interpretation by the court of § 28–27–02(5), N.D.C.C., in Schaff v. Kennelly, 69 N.W.2d 777, 780 (N.D.1955):

"We have construed the phrase 'an order which involves the merits of an action or some part thereof', 28–2702, subd. 5, as embracing orders which pass upon the *substantial* legal rights of the party complaining, whether such rights do or do not relate directly to the cause of action or subject matter in controversy. [Citations omitted.]

"On the other hand, an order is not appealable under such a provision as subdivision 5, supra, unless, in effect, it finally determines some positive legal right of appellant relating thereto."

In Budge v. Anderson, 146 N.W.2d 169 (N.D.1966), in paragraph 1 of the syllabus, the court specifically ruled on the issue of the appealability of orders relating to pre-trial discovery:

"Orders relating to pre-trial discovery procedures, being interlocutory in nature, are not appealable."

The court further stated in *Budge, supra* 146 N.W.2d at 171:

"These procedures, by their very advance nature, are preliminary to the trial, do not determine the action, do not involve the merits of the action, and *do not affect a substantial right of a party.*" [Emphasis ours.]

■ In addition, it is generally held that an order of a trial court rendering judgment for costs alone, but not adjudicating the case proper, is not appealable. Free v. Chandler, 155 Colo. 128, 393 P.2d 9 (1964); 54 A.L.R.2d 927; 4 Am.Jur.2d, Appeal and Error § 128. Since the State is appealing only from that portion of the order awarding attorney's fees and costs, the State has no basis for its argument that the order is appealable.

We hold that the trial court's order assessing attorney's fees and costs against the State is not an appealable order.

■ Notwithstanding that the order is not an appealable order, we have considered the other issues raised in the appeal and find them to be without merit. The State argues that there is neither a statutory provision nor case law authorizing the awarding of attorney's fees as motion costs. The State cited two cases: Hartford Acci-

dent and Indemnity Co. v. Anderson, 155 N.W.2d 728 (N.D.1968), and United Development Corp. v. State Highway Dept., 133 N.W.2d 439 (N.D.1965), in support of its contention that attorney's fees cannot be assessed as costs unless specifically authorized by statute. The State further contends that, in any event, motion costs cannot exceed $25.00, pursuant to § 28–26–18, N.D.C.C.

The State's contentions are not persuasive. There are both statutes and rules which support the trial court's action. Section 27–02–08, N.D.C.C., gives the Supreme Court the authority to make all necessary rules of pleading, practice, and procedure. In addition, § 27–02–09, N.D.C.C., authorizes the Supreme Court to promulgate rules which alter, or render ineffective, statutes relating to pleadings, practice, and procedure which have been enacted by the legislative assembly.

Rule 37(a), N.D.R.Civ.P., as adopted by this court, provides:

"If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Pursuant to this Rule, the trial court is authorized to award motion costs that include attorney's fees.

Notwithstanding the State's argument to the contrary, there is also case law which allows the assessment of attorney's fees as motion costs. In a recent case, Wm. O. Shirley, Inc. v. Wahpeton Foundry Corp., 198 N.W.2d 257 (N.D.1972), this court granted motion costs of $125.00, in addition to the usual statutory costs on remittitur.

Although we do not consider it to be a determinative factor in this case, Mr. Nelson urged that the State had not transmitted the transcript of the proceedings, as is required by Rule 10(b), N.D.R.App.P. There appears to be some confusion among the members of the Bar concerning an appellant's responsibility under this Rule. Rule 10(b) of the Federal Rules of Appellate Procedure, the applicable portion of which is identical to Rule 10(b) of the North Dakota Rules of Appellate Procedure, is interpreted in 9 Moore's Federal Practice ¶ 210.05 [1] (2d ed.), at page 1618, wherein it is stated:

"Rule 10(b) places the burden of ordering, and thus of paying for, necessary parts of the transcript squarely upon the appellant. . . . This is so because of the familiar rule of appellate practice that the burden of showing error by reference to matters of record is upon the appellant. Unless the record that he brings before the court of appeals affirmatively shows the occurrence of the matters upon which he relies for relief, he may not urge those matters on appeal."

Rule 10(b), N.D.R.App.P., also contains a provision which allows an appellee to transmit all or part of the transcript, but the burden of transmitting the transcript is the primary responsibility of the appellant. An appellant cannot shift the burden to an appellee by simply failing to transmit the transcript. An appellant must either transmit the entire transcript or inform the appellee as to those parts of the transcript that he is going to transmit. In either case this must be done within ten days of filing the notice of appeal. If, however, an appellant makes a good-faith attempt to fulfill his burden, the appellee should provide any additional parts of the transcript that he believes necessary.

The court deems it necessary to remind the members of the Bar that the ultimate responsibility for presenting an adequate record on appeal is upon the appellant. If the record fails to contain the error

upon which the appeal is taken, the appellant cannot prevail.

In the instant case, the State made no effort to prosecute its appeal. The State did not show before this court good cause as a basis for the State's motion to secure an extension of time, and, further, did not set forth an adequate reason for refusing to answer certain interrogatories. Throughout the course of this appeal, the counsel for the State has not followed the Rules of Procedure adopted by this court. On previous occasions we have admonished the Bar that such actions will not be sanctioned by this court.

We hold that the State failed to perfect its appeal in the matter before us, and the appeal is therefore dismissed.

For reasons stated in the opinion, the court allows the usual statutory costs on mandate and, in addition thereto, we grant motion costs in the sum of $50.00.

ERICKSTAD, C. J., and JOHNSON, KNUDSON and VOGEL, JJ., concur.

RENTTO, Judge.*