Rhonda BERG, n/k/a Rhonda Nugent, Plaintiff and Appellee,

v.

Richard BERG, Defendant and Appellant.

Civ. No. 940251.

Supreme Court of North Dakota.

April 13, 1995.

Carol K. Larson (argued), Pringle & Herigstad, PC, Minot, for plaintiff and appellee.

Thomas K. Schoppert (argued), Schoppert Law Firm, Minot, for defendant and appellant.

NEUMANN, Justice.

Richard Berg appeals the trial court's order enforcing Richard's supersedeas bond of $6,000 and granting judgment against Richard for a balance due in excess of the amount of the bond. We affirm.

This case arises from a divorce action between Richard and Rhonda Berg, now known as Rhonda Nugent. We have previously reviewed this case with respect to other issues. *See Berg v. Berg*, 490 N.W.2d 487 (N.D.1992). We will summarize only those facts relevant to this action. In the original divorce action the trial court awarded Rhonda, as part of the property division, one-half the 1989 and 1990 crops. Those crops were in the elevator at the time, unsold. The order instructed Richard to sell the crops within 90 days of the judgment, provide receipts, and give Rhonda one-half of the proceeds. Richard appealed that original divorce judgment. In order to protect Rhonda, Richard's judgment creditor, during that appeal, the trial court allowed Richard to post a supersedeas bond in the amount of $6,000.

Richard admits he sold the grain some time after the 90 days had expired. He refuses, however, to provide Rhonda with receipts, and he refuses to pay her one-half interest. Rhonda returned to the trial court to seek a resolution. The trial court calculated the value of Rhonda's share of the grain at present prices. Including costs and interest, the total amount owed Rhonda was

$9,852. The court entered judgment for that amount and ordered the enforcement of Richard's $6,000 supersedeas bond, leaving Richard a balance of $3,852 to pay on the judgment. It is from this decision that Richard appeals.

Richard claims the trial court's approval of the $6,000 supersedeas bond capped the amount he could be required to pay in performance of the judgment. Additionally, Richard contends the trial court's entry of judgment for $9,852 amounts to a redetermination of a property award which he claims is barred by North Dakota case law. We disagree on both counts.

■■■ Apparently, the trial court approved Richard's bond of $6,000 under its powers granted by Rule 62(j) of the North Dakota Rules of Civil Procedure. Rule 62(j) provides:

(j) *Undertaking to stay other executions.* If the judgment appealed from directs the doing of any particular act or thing and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, the execution thereof is not stayed by the appeal therefrom unless an undertaking is entered into on the part of the appellant, in such sum as the court shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may have sustained by not doing the particular thing or act directed to be done by the judgment appealed from and to such further effect as the court in its discretion directs.

A supersedeas bond is "to secure the non-appealing party against any loss it may sustain as a result of an ineffectual appeal." *In re Estate of Johnson,* 214 N.W.2d 109, 110 (N.D.1973). "The purpose of a supersedeas bond is to maintain the status quo and protect the judgment holder if the appeal is unsuccessful." *Continental Casualty Co. v. Kinsey,* 513 N.W.2d 66, 70 (N.D.1994). The trial court in the instant case stayed execution on the judgment pending appeal so long as Rhonda would be protected against damage as a result of that stay. This bond was not a way for the judge to quantify the maximum amount of the judgment. To hold

that the amount of a bond would provide a maximum cap for a judgment would be ludicrous. Richard fails to identify any jurisdiction that operates in this fashion and after a thorough search we have failed to discover one as well. Such a holding would require factual hearings to determine the adequacy of bonds, especially in cases involving commodities that can fluctuate wildly, or in complex civil litigations in which a judgment's value is dependent on a number of varying factors. Such a determination would often require expert testimony, and might lead to "over-bonding" appellants in order to be cautious. This would serve only to further increase the price of litigation for any party appealing to this court.

■ We are persuaded by the Tenth Circuit Court of Appeals' reasoning when faced with a similar situation. It concluded that when a bond is required pending appeal, the court

"may not only expand the liabilities of the losing party beyond the terms of the initial judgment but also limit the liability of a surety to the bond. But if the bond is inadequate to cover the liability established by the original judgment, the judgment obligations of the losing party remain intact."

*Burghart v. Frisch's Restaurants, Inc.,* 865 F.2d 1162, 1163 (10th Cir.1989).

■ We follow this reasoning in holding that a supersedeas bond does not create a judgment cap. At the same time, however, we recognize that sureties, by their contractual rights, are obligated only to pay the facial amount of the bond. The trial court's determination to enforce the bond for the face amount and hold Richard responsible for any balance was proper. We refuse to upset its judgment.

■ Richard's second argument is that the trial court modified the amount of the property division after judgment had been entered. We fail to see how the trial court modified its original judgment. Rhonda originally was awarded one-half of the grain. That is exactly what she got. The only change was the trial court's assignment of a value to her interest. The trial court was

forced to do so because of Richard's refusal to comply with the original judgment, and his refusal to divulge the price at which the grain was sold.[1]

We have held that when a trial court clarifies its own decree we will give that court considerable deference upon review. *Anderson v. Anderson*, 522 N.W.2d 476, 478 (N.D.1994). Such a clarification must not result in a judgment different from the original, but may serve to explain what the trial court intended the first judgment to express. *Id.*

Because Richard frustrated the trial court's original judgment by refusing to comply with a portion of it, the judgment became vague and uncertain and therefore required clarification. *Id.; see also Wastvedt v. Wastvedt*, 371 N.W.2d 142, 144 (N.D.1985) (holding that property divisions may be clarified when the parties' relative positions change rendering the original judgment ambiguous and uncertain). Under the circumstances, quantification of a portion of its original decree amounts to nothing more than a clarification. Richard's complaint is unfounded.

Affirmed.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

---

**1.** It would appear that the trial court also could have decided to hold Richard in contempt for refusing to comply with its order. The court's action in this case constituted a more restrained approach to the problem created by Richard.