2015 ND 97

Matthew VISCITO, Mary Lynn Berntson, and Florence Properties, LLC, Plaintiffs and Appellants

v.

Kevin CHRISTIANSON, Pace's Lodging Corporation, Mednational, LLC, Aurora Medical Park No. 2, LLC, Jeff Sjoquist, Defendants and Appellees.

No. 20140252.

Supreme Court of North Dakota.

April 28, 2015.

Jordan T. Schuetzle, Grand Forks, ND, for plaintiffs and appellants.

Michael T. Andrews, Fargo, ND, for defendants and appellees.

McEVERS, Justice.

[¶ 1] Matthew Viscito, Mary Lynn Berntson, and Florence Properties, LLC (collectively "Viscito") appeal from a district court judgment of dismissal without prejudice, which awarded Kevin Christianson, Pace's Lodging Corporation, Mednational, LLC, Aurora Medical Park No. 2, LLC, and Jeff Sjoquist (collectively "Christianson") attorney's fees and costs. We reverse and remand the district court's judgment awarding attorney's fees and costs.

I

[¶ 2] Viscito sued Christianson alleging a number of claims pertaining to an agreement the parties entered to build, own, and lease a hospital. Christianson moved to compel arbitration, contending the agreement required that Viscito's claims be resolved through arbitration. On August 1, 2013, the district court granted the motion to compel arbitration and ordered the parties complete arbitration within six months from the date of the order.

[¶ 3] On January 30, 2014, Viscito moved for an extension of time to complete arbitration. Christianson moved to dismiss with prejudice and requested an award of attorney's fees and costs under N.D.R.Ct. 11.5. On March 24, 2014, the district court held a hearing on the motions. At the conclusion of the hearing, the district court ruled from the bench that the case be dismissed without preju-

dice and awarded Christianson reasonable attorney's fees and costs. The district court requested Christianson submit an itemized billing statement of its attorney's fees, so the court could determine the reasonableness of the fees. Christianson submitted an affidavit requesting $33,405.14, the full amount of fees and costs it had incurred defending the entire case, along with itemized billing statements documenting the work performed from July 6, 2012, to April 7, 2014, totaling the amount requested. The district court dismissed the case without prejudice and awarded Christianson $33,405.14 in attorney's fees and costs. Viscito appealed, arguing the district court abused its discretion in awarding Christianson all of its costs and attorney's fees incurred throughout the case because the court misinterpreted the rules authorizing sanctions.

II

[¶ 4] Before we consider the merits of Viscito's appeal, we must first address Christianson's challenges regarding the appealability and timeliness of this case. Christianson argues this case is not appealable because 1) Viscito did not timely file the notice of appeal, 2) Viscito cannot appeal from a dismissal without prejudice or an order solely awarding attorney's fees and costs, 3) Viscito waived its argument on appeal because it did not object to the amount of the attorney's fees and costs below, and 4) Viscito voluntarily satisfied the judgment by paying the attorney's fees and costs.

1.

[¶ 5] Christianson argues Viscito's appeal is untimely because 63 days elapsed between the entry of the order Viscito appealed from and the date Viscito filed a notice of appeal.

[¶ 6] Under N.D.R.App.P. 4(a)(1), an appellant must file the notice of appeal

within 60 days from service of notice of entry of the judgment or order being appealed. On May 9, 2014, the district court entered an order for judgment of dismissal. The district court entered judgment on May 13, 2014, and Christianson served notice of entry of order for judgment of dismissal and judgment the same day. On July 11, 2014, Viscito filed a notice of appeal, stating it was appealing from the final order entered on May 9, 2014.

[¶ 7] The time for civil appeals runs from the date of service of notice of entry of the judgment or order, not the date the court entered the judgment or order. *See* N.D.R.App.P. 4, Explanatory Note ("The time for civil appeals runs from '*service of notice of entry*' of the order or judgment." (Emphasis added)). As such, we conclude Viscito's notice of appeal was timely, under N.D.R.App.P. 4(a)(1), because it was filed within 60 days of the service of notice of entry of the order for judgment and judgment.

2.

■ [¶ 8] Christianson argues both a dismissal without prejudice and a challenge based solely on an award of attorney's fees and costs are not appealable.

■ [¶ 9] "Ordinarily, an order dismissing a complaint without prejudice is not appealable because either side may commence another action after the dismissal. However, a dismissal without prejudice may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Winer v. Penny Enters., Inc.*, 2004 ND 21, ¶ 6, 674 N.W.2d 9 (citation omitted). Although this Court has concluded a party cannot generally appeal a dismissal without prejudice, Viscito is not appealing the dismissal. Rather, the appeal is on the amount of the attorney's fees and costs the court imposed as a sanction.

[¶ 10] The question is whether Viscito would be later foreclosed from appealing

the award of attorney's fees as a sanction if appeal is not allowed. Review of the record indicates the merits raised in Viscito's initial complaint will likely be addressed in arbitration. After arbitration, the arbitrator's award could be reviewed on motion to the district court under N.D.C.C. ch. 32–29.3. However, there has been no showing the arbitrator or the district court would have the authority to review the attorney's fees and costs awarded as a sanction in conjunction with this judgment of dismissal without prejudice. As a result, Viscito's only opportunity for review of the district court's award of attorney's fees and costs was to appeal from the judgment for dismissal without prejudice.

[¶ 11] Christianson argues the award of attorney's fees and costs as a sanction unrelated to the merits of the case is interlocutory in nature and therefore not appealable relying on *State ex rel. Olson v. Nelson*, 222 N.W.2d 383 (N.D.1974). Christianson's reliance on this Court's holding in *Nelson* is misplaced. In *Nelson*, the district court assessed attorney's fees and costs to a party, after that party failed to answer interrogatories. 222 N.W.2d at 385. The party who was assessed the attorney's fees then appealed the fees, prior to the final adjudication of the case. *Id.* We have stated "[t]his Court will not consider interlocutory appeals unless it can be affirmatively established the underlying order was 'meant to be, in all aspects, final.'" *White v. Altru Health Sys.*, 2008 ND 48, ¶ 4, 746 N.W.2d 173 (citation omitted). Unlike *Nelson*, the district court's order and judgment was intended to be final at least as it pertained to the sanctions imposed. *See City of Bismarck v. Thom*, 261 N.W.2d 640, 646 (N.D. 1977) (distinguishing the difference between the award of attorney's fees in a judgment from an award from an interlocutory order). Although the district court

did not adjudicate the merits of the case, it entered judgment dismissing the case without prejudice and imposed sanctions. Under the facts of this case, the award of attorney's fees and costs is an appealable issue.

### 3.

[¶ 12] Christianson argues the issue was not preserved for appeal, because Viscito failed to object to Christianson's April 7, 2014, application for attorney's fees and costs.

[¶ 13] It is well-settled that issues not raised in the district court may not be raised for the first time on appeal:

The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised in the district court cannot be raised for the first time on appeal.

*Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746 (citations omitted) (quotation marks omitted).

[¶ 14] In Christianson's response in opposition to the motion for extension of time, Christianson requested it be awarded "costs and fees incurred herein, pursuant to N.D. Court Rule 11.5." Viscito objected to an award of attorney's fees in its supplemental brief in opposition to the motion to dismiss, when it asserted that sanctions were inappropriate under N.D.R.Ct. 11.5, because Christianson could not show it

suffered prejudice resulting from Viscito's inability to meet the deadline for arbitration of the case; therefore, the district court could not conduct the necessary analysis for sanctions. On March 24, 2014, a hearing was held on Viscito's motion for extension of time and Christianson's motion to dismiss. At the hearing, Viscito did not specifically object to an award of attorney's fees and costs to Christianson; however, Viscito did argue against the district court imposing sanctions. Because Viscito raised the issue before the district court by arguing sanctions were inappropriate in this case, Viscito preserved this argument on appeal.

### 4.

[¶ 15] Christianson argues Viscito waived the right to appeal by voluntarily satisfying the judgment. To support its position, Christianson relies on this Court's holdings in *Lyon v. Ford Motor Co.*, 2000 ND 12, 604 N.W.2d 453 and *Mr. G's Turtle Mountain Lodge v. Roland Twp.*, 2002 ND 140, 651 N.W.2d 625.

[¶ 16] "[A] party who voluntarily pays a judgment against him waives the right to appeal from the judgment." *Lyon*, 2000 ND 12, ¶ 7, 604 N.W.2d 453. "Because a satisfaction of judgment extinguishes the claim, the controversy is deemed ended, leaving the appellate court with nothing to review." *Id.* at ¶ 10.

While a party who voluntarily pays a judgment waives the right to appeal, payment of a judgment under coercion or duress is not a waiver of the right to appeal. The burden is on the party moving to dismiss the appeal to show the judgment was voluntarily paid and satisfied. Whether a judgment has been voluntarily paid and satisfied depends on the facts and circumstances of the particular case. When there is no showing other than that the judgment was paid, a

presumption arises that the payment was voluntary.

*Id.* at ¶ 14 (citations omitted). We have explained avenues available to judgment debtors to protect themselves:

There are existing avenues judgment debtors may pursue to protect themselves from judgment collection efforts during the pendency of an appeal. A supersedeas bond, which may be obtained under the provisions of N.D.R.Civ.P. 62 and N.D.R.App.P. 8, is designed to maintain the status quo and protect the judgment holder against any loss it may sustain as a result of an unsuccessful appeal. Judgment debtors also have the option of having the judgment released as a lien against their property by depositing sufficient funds with the clerk of the district court in which the judgment is entered.

*Id.* at ¶ 12 (citation omitted).

[¶ 17] Under the facts and circumstances presented in this case, Christianson has not met its burden of showing Viscito voluntarily paid the judgment. Christianson served Viscito a notice of levy on membership interests in Aurora Medical Park No. 2, LLC, on August 14, 2014. On September 11, 2014, Viscito moved to deposit $35,000 with the district court for a stay of judgment pending appeal. Viscito alleged the $35,000 would cover both the original $33,405.14 in attorney's fees and costs awarded plus accrued interest at the rate of 6.5 percent per annum. Christianson responded, opposing the motion. In Viscito's supplemental brief in support of the motion, Viscito argued it had attempted to obtain a supersedeas bond, but was unable to secure one. Viscito stated that, of twelve agencies it contacted, only one was willing to consider supplying the bond, but the rates and conditions of the bond were unfavorable to Viscito. On October 3, 2014, the district court held a hearing on the matter and, ultimately, denied Viscito's motion to deposit funds with the court for a stay of judgment pending appeal. Viscito paid the judgment and Christianson filed a satisfaction of judgment on November 14, 2014.

[¶ 18] In *Lyon*, judgment collection procedures were not initiated and the judgment was not executed upon. 2000 ND 12, ¶ 15, 604 N.W.2d 453. This Court concluded the circumstances under which the judgment was paid were not coercive or made under duress solely because the debtor sought to avoid accrued interest on the judgment and the public relations disaster, if the other party used the legal process to enforce the judgment. *Id.* Unlike this case, the debtor in *Lyon* did not seek a supersedeas bond or deposit a sufficient amount with the clerk of district court to stay enforcement of the judgment. *See id.* Further, it appeared the debtor had no intention of appealing when it satisfied the judgment. *Id.* at ¶ 16. Here, Viscito appealed before it satisfied the judgment.

[¶ 19] In *Mr. G's Turtle Mountain Lodge*, the debtor argued it paid the judgment under coercion or duress because it needed to remove the judgment lien to facilitate a pending sale of the property. 2002 ND 140, ¶ 14, 651 N.W.2d 625. However, the debtor did not seek out the statutory options to release the lien. *Id.* Instead, the debtor paid the judgment and procured and filed a satisfaction of judgment on the record. *Id.* As such, this Court determined the debtor's payment of the judgment was voluntary and constituted a waiver of the right to appeal. *Id.* This case is distinguishable from *Mr. G's Turtle Mountain Lodge* because Viscito pursued the statutory options to stay judgment.

[¶ 20] In *Grady v. Hansel*, this Court concluded the judgment paid to a sheriff armed with an execution and who made

return on the execution was involuntary and did not waive the right of appeal. 57 N.D. 722, 223 N.W. 937, 938 (1929); *see also Twogood v. Wentz*, 2001 ND 167, ¶ 6, 634 N.W.2d 514 (stating "payment of a judgment under duress imposed by execution is not voluntary").

[¶ 21] We conclude the facts and circumstances do not establish Viscito voluntarily satisfied the judgment because he pursued existing avenues to protect himself from judgment collection efforts after the judgment creditor levied on the membership interests. Because Viscito's satisfaction of the judgment was not voluntary, it did not waive its right to appeal.

### III

■ [¶ 22] Viscito argues the district court abused its discretion when it awarded Christianson the total amount of attorney's fees and costs it had incurred in the matter.

[¶ 23] After Viscito moved for an extension of time to complete arbitration, Christianson moved to dismiss the case, under N.D.R.Ct. 3.2 and 11.5, and requested it be awarded "costs and fees incurred herein." Christianson filed a supplemental brief in support of the motion to dismiss, arguing Viscito's case should be dismissed with prejudice, under N.D.R.Civ.P. 41(b), for failure to prosecute or comply with a court order. Christianson further requested it be awarded "costs and attorney['] s fees incurred herein, and in compelling arbitration in the first place." Viscito responded arguing, if the court dismisses the case, it should do so without prejudice. Viscito additionally argued sanctions in the form of attorney's fees and costs were inappropriate because Christianson had not shown any prejudice resulting from Viscito's failure to complete arbitration within six months, as required by the court order.

[¶ 24] On March 24, 2014, a combined hearing was held on Viscito's motion for extension of time and Christianson's motion to dismiss. At the conclusion of the hearing, the district court dismissed the case without prejudice and ordered Viscito pay Christianson attorney's fees and costs. Specifically, the district court stated:

I'm going to dismiss the case without prejudice, but I am going to award the defendants their costs and reasonable attorney fees in this matter.

I don't think that you wait until the very last day to file a motion to extend a deadline, when it was obvious that for that whole six-month period nothing had been accomplished to get through arbitration.

And so that's pretty much just ignoring a Court Order to sit on it until the deadline. That's also not fair to defendants who have a right to bring this matter to a close.

I'm not going to dismiss it with prejudice at this time, because I think plaintiffs have—should have an opportunity to have their grievance aired, but they've got to—once they file a court action, you've got to comply with the time lines.

And I can see within 30 days filing— so that would have been the end of August, first of September—going, here's all the steps we've taken, and we are not going to be able to accomplish this by the deadline. Give us more time.

The district court requested Christianson submit an itemized billing statement of its attorney's fees, so the court could determine the reasonableness of the fees. On April 7, 2014, Christianson submitted an affidavit requesting $33,405.14 in attorney's fees and costs, along with an itemized billing statement. On May 13, 2014, the district court entered judgment, dismissing the case without prejudice and

awarding Christianson $33,405.14 in attorney's fees and costs. The district court did not cite its authority for awarding attorney's fees and costs at the hearing, nor in its order or judgment.

[¶ 25] Based upon a review of the record, we are unable to determine the authority the district court relied on for awarding attorney's fees and costs. In Christianson's motion to dismiss, it requested attorney's fees and costs under N.D.R.Ct. 11.5. Although Christianson cited N.D.R.Civ.P. 41(b) in its supplemental brief in support of the motion to dismiss with prejudice, it appears Christianson cited N.D.R.Civ.P. 41(b) to support its argument that the case should be dismissed *with prejudice,* rather than to support its request for attorney's fees and costs. Under N.D.R.Civ.P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Because N.D.R.Civ.P. 41(b) does not explicitly authorize an award of attorney's fees and costs, and the district court dismissed without prejudice, it appears the district court did not award Christianson attorney's fees and costs under this rule.

[¶ 26] As noted above, Christianson requested sanctions under N.D.R.Ct. 11.5. Under N.D.R.Ct. 11.5, "[t]he trial court may take any appropriate action against any person failing to perform an act required by the rules or required by court order. Appropriate action includes a sanction provided by Rules 5, 11, 16, 25, 30, 37, 40, 45, or 56, N.D.R.Civ.P." Because Christianson argued Viscito failed to obey a pretrial order, N.D.R.Civ.P. 16(f) applies to this case. Under N.D.R.Civ.P. 16(f)(1)(C), "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney: . . . fails to obey a

scheduling or *other pretrial order."* (Emphasis added.) If a court orders a sanction under N.D.R.Civ.P. 16(f), "the judge must order the party, its attorney, or both to pay the reasonable expenses, including attorney fees, *incurred because of any noncompliance with this rule,* unless the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." N.D.R.Civ. P.16 (f)(2) (emphasis added).

[¶ 27] Rule 16, N.D.R.Civ.P., limits the award of sanctions to reasonable expenses, including attorney fees, incurred *"because of any noncompliance with this rule."* Specifically, N.D.R.Civ.P. 16 limits the fees and costs to those reasonable expenses incurred as a result of the failure to obey a pretrial order. If N.D.R.Civ.P. 16 is the basis for the sanction, the district court should have limited its award of attorney's fees and costs to those incurred as a result of Viscito's violation of the court order compelling arbitration be completed within six months. The district court provided no reasoning to explain why it awarded attorney's fees and costs for the entire matter.

[¶ 28] We are also unable to determine whether the district court relied on its inherent power to sanction because it did not reference its inherent power to sanction, nor did it conduct the necessary analysis.

[¶ 29] "A district court has the inherent power to sanction a litigant for misconduct." *Dronen v. Dronen,* 2009 ND 70, ¶ 51, 764 N.W.2d 675. "Inherent power sanctions require case-by-case analysis of all the circumstances presented in the case." *Bachmeier v. Wallwork Truck Ctrs.,* 507 N.W.2d 527, 534 (N.D.1993).

Sanctions must be reasonably proportionate to the misconduct. When sanctioning a party, the district court should consider the culpability, or state of mind, of the party against whom sanctions are

being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case; and, the availability of less severe alternative sanctions.

*Dronen,* 2009 ND 70, ¶ 52, 764 N.W.2d 675 (citations omitted) (quotation marks omitted).

[¶ 30] Here, the district court did not address any prejudice Christianson suffered as a result of Viscito's failure to comply with the court order compelling arbitration be completed within six months, and it did not consider the availability of a less severe alternative sanction. *See Ringsaker v. N.D. Workers Comp. Bureau,* 2003 ND 122, ¶ 14, 666 N.W.2d 448 ("Without consideration of prejudice and the availability of less severe sanctions, the trial court's analysis is incomplete."). As such, we are unable to determine whether the district court awarded Christianson attorney's fees and costs under its inherent authority to sanction.

[¶ 31] We reverse the district court's award of costs and attorney's fees incurred and remand for a determination of authority on which the district court imposed sanctions and findings necessary to support such an award.

## IV

[¶ 32] Christianson argues Viscito's appeal is frivolous under N.D.R.App.P. 38 and requests it be awarded costs and reasonable attorney's fees incurred in the appeal.

[¶ 33] Rule 38, N.D.R.App.P., provides: "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *In re Hirsch,* 2014 ND 135, ¶ 14, 848 N.W.2d 719. We conclude Viscito's appeal is not frivolous and we decline to award Christianson costs and reasonable attorney's fees incurred in this appeal.

## V

[¶ 34] We reverse the judgment awarding attorney's fees and costs and remand to the district court for findings and further action consistent with this opinion.

[¶ 35] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.